## HERRING v. THE STATE.

1. By the terms of an act approved December 15, 1897, to engage in the practice of dentistry in this State without a license was made a penal offense only as to those not engaged in such practice at the time of the passage of the act. Being an offense only as to a particular class of persons, an indictment charging one with a violation of the prohibition declared in the statute should aver that the accused was embraced in the class as to which the practice was made penal.
2. The indictment on its face being insufficient to charge an offense against the laws of this State, the question of the constitutionality of the act under which it was framed will neither be considered nor passed on.
3. The trial judge erred in overruling the demurrer to the indictment.

Argued October 21, — Decided November 7, 1901.

Indictment for misdemeanor.   Before Judge Butt.   Muscogee superior court.   May term, 1901.

*T. T. Miller*, for plaintiff in error.
*S. P. Gilbert, solicitor-general*, and *S. S. Bennet*, contra.

LITTLE, J.   The plaintiff in error was indicted by the grand jury of Muscogee county, for the offense of a misdemeanor.   The specific facts which it is alleged constituted such misdemeanor are thus set out in the bill of indictment:   "For that the said B. J. Herring, on the 1st day of May in the year 1901, in the county aforesaid [Muscogee], did then and there, unlawfully in violation of

law, practice dentistry for a reward, the said B. J. Herring not having obtained a license from a board of dental examiners duly appointed and authorized under the provisions of law to issue license, and the said B. J. Herring not having registered his license with the clerk of the superior court of said county, contrary to the laws," etc. On arraignment the accused filed a demurrer to the indictment, on the grounds: 1st, that the facts charged did not constitute any crime against the laws of this State; 2d, that the acts charged are not sufficient to charge the defendant with a violation of any penal law of this State; 3d, because it is not made a crime to fail to register with the clerk of the superior court; 4th, because it is nowhere alleged that the defendant did not have the lawful right to practice dentistry in this State; 5th, because the act of the General Assembly on which the indictment was founded is unconstitutional, because that act contains more than one subject-matter, and matter different from that expressed in the title; and 6th, that the act is unconstitutional because it attempts to enact class legislation. This demurrer was overruled, and to the judgment overruling the same the defendant filed exceptions pendente lite. The case proceeded to trial, and the defendant was found guilty. He subsequently submitted a motion for a new trial, which was overruled, and he excepted to the judgment overruling the same.

1. In his bill of exceptions the plaintiff in error specifically assigns as error the judgment overruling his demurrer; and inasmuch as, in our opinion, the trial judge erred in not sustaining the demurrer, and a reversal of the judgment must result, an adjudication of the errors assigned in the motion for new trial becomes unnecessary. By an examination of the grounds set out in the demurrer, it will be seen that the objections to the bill of indictment were two-fold: one class of these referred to the sufficiency of the indictment; the other to the constitutionality of the act on which the indictment, if good, must rest. It is not permissible to pass upon the question of the constitutionality of a legislative enactment, which is raised on an indictment which in law charges no offense. Hence, as (for the reasons hereinafter given) we have arrived at the conclusion that the indictment preferred against the accused does not, under the provisions of the act in question, charge him with any violation of law, the validity or invalidity of the act upon which it is founded will not be considered. This court will not presume that the Gen-

eral Assembly has enacted an unconstitutional law, and it will only so declare when it is clearly shown that an act is in violation of some particular provision of the organic law; and if for any reason an indictment which seeks to charge a violation of the terms of a particular act can not be sustained for the want of essential averments, all inquiry touching the validity of such act is precluded. Therefore the discussion and determination of the questions raised by the demurrer will be confined to the sufficiency of the indictment under the act. We do not understand that the bill of indictment in the present case undertook to charge the accused with a misdemeanor in having failed to register his license with the clerk of the superior court, nor do we understand that such a failure is made a misdemeanor by the terms of the act. On the contrary, the penalty prescribed for such failure is, by the express terms of the act, forfeiture of the license. We may regard the allegation in the indictment that the accused did not have his license registered as surplusage, which did not affect the distinct charge made that the accused was guilty of a misdemeanor in that he did unlawfully practice dentistry for a reward, without having obtained a license so to do. The act which the accused is alleged to have violated is entitled, "An act to establish a board of dental examiners, prescribe its powers and duties, and to regulate dentistry and the practice thereof," etc. The first section of that act is as follows: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of the same, that it shall be unlawful for any person to engage in the practice of dentistry in the State of Georgia unless said person shall have obtained a license from a board of dental examiners, duly authorized and appointed under the provisions of this act to issue licenses; *provided,* that this act shall not affect the right, under the laws of Georgia, of dentists to practice dentistry who have lawful right to practice dentistry at the time of the passage of this act."

The indictment charges that the accused did on a named day, "unlawfully in violation of law, practice dentistry for a reward," he not having obtained a license from a board of dental examiners duly appointed and authorized under the provisions of law to issue licenses. It is contended on the part of the accused that the allegations made do not of themselves show that the accused has violated this law; that for the indictment to have charged an offense

under the terms of this act it should have been further alleged that the accused did not have the right to practice dentistry at the time of the passage of the act. This contention raises an important question, and under the authorities which we have consulted, it seems to be one not entirely free of difficulty in its solution. It is a general rule that the allegations of fact made in the body of an indictment, in order to constitute an offense, must show that the accused did all of those acts which the statute prescribes shall be a crime if done; and it is also a general rule that if all the facts which are charged in the indictment be true and yet the accused can be guiltless, the indictment is bad. These general rules are, however, in effect, qualified in certain instances; and it is contended on the part of the State that it was not necessary that the indictment should negative the proviso in the first section of the act, but that the qualification made by the proviso, that persons who were practicing dentistry at the time of its passage were not required to procure a license, was a matter of defense to be urged by plea and proof; and a number of authorities have been cited which it is claimed support that contention. Mr. Bishop in his work on Criminal Procedure (vol. 1, § 631), discussing the rule as to what exceptions in the statute an indictment must negative, says that the principle is, that the indictment must show a prima facie case against the defendant, and where the statute has exceptions, provisos, and the like, the indictment must aver the contrary of those the negative whereof constitutes an affirmative element in the offense, but it may be silent as to those which are merely available in defense. This author further says, in the same section, "But the question whether a particular exception or proviso is of the one class or the other depends largely upon how the statutory words are arranged." In endeavoring to ascertain whether the proviso in the first section of the act under consideration contains matter which is merely available as defense or whether it constitutes an affirmative element of the offense made by this act, certain well-established rules must be consulted. Mr. Chitty in the first volume of his Criminal Law, 283 b, 284, says: "When a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. Nor is it even necessary to allege that he is not within the benefit of its provisos,

though the purview should expressly notice them, as by saying that none shall do the act prohibited, except in cases thereinafter excepted. But these are matters of defense which the prosecutor need not anticipate, but which are more properly to come from the prisoner. On the contrary, if the exceptions themselves are stated in the enacting clause, it will be necessary to negative them, in order that the description of the crime may in all respects correspond with the statute." This eminent writer, it will be seen, in so far as has been quoted, rests the necessity of pleading provisos and exceptions on the determination of the question whether such provisos and exceptions are contained in distinct clauses of the statute, or in the enacting clause. Mr. Bishop in his work cited above, § 636, narrows the distinction to this legal proposition: "The negative of all exceptions in the enacting clause should be averred, unless they are such in form and substance that an affirmative offense will appear without." He follows this with two other principles, namely: "Where the negative is descriptive of the offense it must be alleged in the indictment;" and "Whatever be the location of the different provisions of a statute, an indictment on it, as on the common law, must aver all negatives necessary to show affirmatively an offense." Mr. Wharton in his work on Criminal Practice and Procedure, § 238, in considering this subject in the light of a number of adjudicated cases, says that when provisos and exceptions are not so expressed in the statute as to be incorporated in the definition of the offense, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the statutory provisos. The same author says (§ 239): "But where a proviso adds a qualification to the enactment, so as to bring a case within it which but for the proviso would be without the statute, the indictment must show the case to be within the proviso." This rule he deduces from a long line of authorities.

We have referred to the text of these leading authors for the purpose of ascertaining the rules which should be applied in determining the question made. The rules quoted are of English origin, and some of them are almost purely technical; but, although technical, they are nevertheless established rules, and have been recognized by this court. As an instance, in the case of *Williams* v. *State*, 89 *Ga.* 483, it was ruled that generally it is not necessary for the indictment to negative any of the exceptions contained in

the statute, "such exceptions not being inserted in the enacting clause which defines and describes the offense." Without any intention of detracting from the force of these rules, they must, we think, be applied in connection with another rule of primary importance in the interpretation of statutes; and that is, to ascertain whether the legislative body which enacted the law intended, by the enacting clause and the proviso, to create a general offense or an offense limited to a particular class of persons. Mr. Wharton in his work above cited, § 241, gives an illustration which seems to be pointed and apt on this particular branch of the question, as follows: The sale of alcohol is prohibited by a sweeping section of an act. In a subsequent section of the same act alcohol is excepted for medicinal purposes. Here, he says, the very structure of the statute shows the intent of the lawmakers was to make the sale of alcohol a crime by the statute. But in an act declaring that none but licensed persons shall sell alcohol, a general crime is not created. The effect of the latter act is to declare that if certain persons do certain things they shall be liable to indictment. In the last instance named this author says "that it must be averred that the defendant was in the class named," and he declares that the test is practically this: "Is it the scope of the statute to create a *general* offense, or an offense limited to a particular class of persons or conditions? In other words, is it intended to impose the stamp of criminality on an entire class of actions, or upon only such actions of that class as are committed by particular persons or in a particular way? In the latter case the defendant must be declared to be within the class; in the former case this is not necessary. . . Of course the question thus involved, whether a crime is general or limited to particular persons, may be determined otherwise than by the structure of the statute. If it be clear that an act is only to become a crime when executed by particular persons of a particular class, or under particular conditions, then this class or those conditions must be set out in the indictment, no matter in what part of the statute they may be expressed." This reasoning seems to be sound, affording a practical and reasonable conclusion, namely: If by the words of a statute particular acts done are declared to be a crime for which punishment is provided, the offense created is general and applicable to all, and an indictment which sets out the offense in the language of the statute is sufficient, notwithstanding

there may be matters found in the body of the statute elsewhere which provide that a given class of persons, or persons with certain qualifications, shall not be convicted of that offense, or that certain existing conditions may be a justification for doing the act set out in the statute. In such a case the offense is a complete one as it stands stated, and it is not necessary, in framing the indictment, to negative the conditions under which the force of the statute may be avoided. These are matters of plea and defense to a general statutory crime. If, however, by the terms of a statute the doing of an act by a particular class of persons, or persons without certain qualifications, is declared to be a criminal offense, then the offense is not general; it does not apply to all, but is restricted to the class or condition of persons who may not lawfully do the act. In such a case the acts done amount to an offense only when done by particular persons, and in an indictment charging the offense it is absolutely essential that facts should be set forth which clearly aver that the commission of the acts by the person charged is an offense against the law.

In the case of *Elkins* v. *State*, 13 *Ga.* 435, this court had under consideration the question whether or not it was necessary in an indictment to negative the exception which was found in a general statute declaring that if any person should retail liquors without a license *except* in certain corporate towns, he should be guilty, &c. Judge Nisbet, who delivered the opinion of this court said: "Our criminal pleadings are reduced to great simplicity. Yet neither the law nor the practice of our courts have dispensed with the rule, that an indictment must, in its averments, bring the accused within the operation of the law for a violation of which he is put on trial. It must make a case upon which, if proven, the court would be enabled to adjudge the defendant guilty of a crime. . . From the structure of the section which creates this offense, there can be no proper description of it without averments which will deny to the defendant protection under its exceptions. They are not made in subsequent and independent sections, or by provisoes which set forth a ground of excuse or justification. They are inherent in the body of the definition of the offense, and can not be separated from it. . . Every allegation in this indictment may be true, and yet the plaintiff in error be guiltless of any violation of the law; for the facts stated do not necessarily constitute an offense by the law. It

was necessary, therefore, for the indictment to have negatived the fact that the defendant was within the exceptions, or in some other form (and as to that, this court would not be strict or technical) brought him within the purview of the statute. Not having done this, it is, in our judgment, defective in a vital particular." Now we find that the act on which the indictment in this case was founded, in its first section, simply undertakes to define when the practice of dentistry shall be made penal in this State. That section declares that it shall be unlawful for any person to engage in the practice of dentistry who shall not have obtained a license, and provides that this act shall not affect the right, under the laws of Georgia, of those dentists who had the lawful right to practice their profession at the time of the passage of the act. No punishment is in this section undertaken to be imposed. Acts which constitute the crime are simply defined. They are, that all persons who practice dentistry shall have a certain license, provided that the right of one who was engaged in that practice at the time this act was passed should not be affected. Hence, it is not a fair interpretation of this act to declare that the practice of dentistry without the license provided for therein is a crime. It was not the intention of the General Assembly, as expressed by this first section, that the practice of dentistry should be a crime as to all persons when carried on without a license. On the contrary, the effect of the proviso is that the very acts which should, after the passage of the act, constitute a crime as to some persons should not constitute a crime as to others. The whole section deals with the definition of the offense which was then created. The punishment for the offense is found in the 9th section of the act. It is there declared that any person who in violation of the provisions of this act shall practice dentistry, etc., shall be guilty of a misdemeanor and punished in a particular way. The proviso declaring that the rights of those who were practicing dentistry at the time of the passage of the act should not be affected by its provisions was just as much a provision of the act as that portion of section first which declares that the practice of dentistry without a license shall be unlawful. They are to be taken together, and it is clear, even under the consideration of the rules heretofore referred to, that it was the intention of the legislature that certain acts of a particular class of persons should not constitute an offense. So defining this statute, it is necessary, in our opinion, that an indict-

ment under its provisions, in order to charge an offense, should aver that the person accused was not engaged in the practice of dentistry at the time of the passage of the act. Hence the judgment of the court below in overruling the demurrer must be

*Reversed. All the Justices concurring.*