BOYKIN, solicitor-general, *v.* ATLANTA SOUTHERN
DENTAL COLLEGE.

No. 9407.   APRIL 12, 1933.   REHEARING DENIED MAY 12, 1933.

*John A. Boykin, Bryan, Middlebrooks & Carter, M. H. Meeks,* and *W. Frank Smith Jr.,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Jones, Fuller, Russell & Clapp,* and *Robert S. Sams,* for defendant.

GILBERT, J. The act of 1920 (Ga. Laws 1920, p. 132) now found in Park's Ann. Code, § 1742(a) et seq., Michie's Code, § 1754 et seq., makes general provision for the practice of dentistry in this State. Section 1 creates the Board of Dental Examiners. Subsequent sections provide how said board shall conduct examinations of those who apply for the privilege of practicing the profession of

dentistry. Section 6 defines what shall be held to be practicing dentistry, as follows: "All persons shall be held to be practicing dentistry within the meaning of this act who shall charge a fee or salary or any other reward, whether paid or unpaid to any one directly or indirectly," and then follow specific details concerning operations and treatments falling within that provisions. Section 11 provides that "it shall be unlawful for any person to practice dentistry in the State of Georgia, unless said person shall have obtained a license to so practice from the Board of Dental Examiners duly authorized and appointed under the provision of this act." And section 25 provides that "no one practicing dentistry in this State without first complying with the provisions of this act shall be entitled to collect any fee or reward for his services." The above-mentioned provisions of the act of 1920 require all who practice the profession to first take the examination before the Board of Dental Examiners and to obtain a license from said board. After clearly defining what constitutes the practice of dentistry, the act expressly provides that where a fee or salary is charged for such services the same "shall be held to be practicing dentistry within the meaning of this act." It further provides that no one may practice who has not complied with the provisions of the act.

The amendment sought to the charter of the defendant would permit the corporation to conduct and maintain a clinic in said college for the purpose of teaching all phases of modern dentistry and demonstrating dental operations to the students, with the privilege of charging such *fees for such services* (italics ours) as may be deemed necessary to cover the expense of the clinic and the cost to the college of conducting the same. It is contended that such amendment is consistent with and not antagonistic to the provisions of law above mentioned. We can not concur in that view of the law. The statute (Ga. Laws 1920, pp. 132, 142) provides that "nothing in this act shall prohibit regularly chartered dental colleges or dental departments of reputable colleges and universities from maintaining regular college clinics under the supervision of regularly licensed and registered demonstrators, nor shall this act prevent regularly licensed dental practitioners of other States and counties from giving clinics before any dental society or association of this State whose objects are the advancement and improvement of dentistry as a science." Much stress is placed by counsel for the

defendant on the foregoing words which permit reputable dental colleges and universities to maintain "regular college clinics." The act nowhere defines those words. It does clearly define the "practice of dentistry." Where one charges a *fee* or *salary* or *any reward,* whether paid or unpaid to any one *directly* or *indirectly* for dental work, he practices dentistry according to the act. Code, Park's Supp. § 1742(w), Michie, § 1754(23). The legislative intent is too clear to permit, by mere construction, an indefinite expression to defeat a definite provision. The indefinite expression "regular college clinics" must conform to the definite provision as to what constitutes "practice of dentistry" and who may practice. The matter of what constitutes and who may practice dentistry is the major object of the law, and the reference to dental clinics is incidental. Indeed, the maintaining of dental clinics is not mentioned in the caption of the act of 1920, wherein the right is claimed by the dental college. The title of the act shows the general purpose or subject of the legislation. In the motion for a rehearing counsel contend that section 27 of the act, referring to clinics, and quoted above, was overlooked. As rendered, the decision did not quote that section. It was considered. It formed the basis for the statement in the opinion as then written: "Without the amendment the dental college may lawfully conduct such a clinic as is described in the proposed amendment, provided no payment is required therefor. Without payment, the clinic can be lawfully conducted either by the professors of the college or by the students under their guidance; but when compensation is required, the transaction is converted, under the law of this State, into the practice of dentistry." The language just quoted is the subject mentioned in the third ground of the motion for rehearing, which is as follows: "Under the language of the opinion of the court, even though the injunction should have been granted, it is inferable that the dental college can not charge even for materials furnished to a patient in its clinic. The expression used by the court is that the clinic might be conducted, 'provided no payment is required therefor.' And again it is said, 'When compensation is required, the transaction is converted into the practice of dentistry.' It is submitted that the court did not intend to hold that the college must furnish materials without payment."

As now reviewed, the language of the opinion just quoted seems

susceptible of a construction not intended. We do not rule that the "college must furnish materials without payment." In fact that question is not involved. All that was ruled, and is now ruled, is that an amendment to the charter will be enjoined where, under a proper construction, it would permit an incorporated dental college and its students to practice dentistry contrary to the provisions of the act of 1920, supra. The superior courts are not clothed with power and authority, under the Civil Code (1910), § 2823, to grant charters, or amendments to existing charters, which would have the effect of authorizing an incorporated dental college or students therein to do and perform those things which, under the law, constitute practice of dentistry. The question here presented is controlled by the statute law of this State. Cases cited from the courts of other States are necessarily based upon the statutes of the particular State where the college was located. The court erred in refusing to grant an interlocutory injunction.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

A portion of the language in the opinion, which permitted a construction not intended, has been corrected, as shown in the opinion as now written. *Rehearing denied.*