## 24561. ATLANTA SOUTHERN DENTAL COLLEGE *v.* THE STATE.

DECIDED JUNE 14, 1935.

*Marion Smith, Hal Lindsay, Jones, Fuller & Clapp,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Etheridge, Belser, Etheridge & Etheridge,* contra.

GUERRY, J. The Atlanta Southern Dental College, plaintiff in error, was indicted in four counts as follows: "The grand jurors . . charge and accuse Atlanta Southern Dental College, a corporation, with the offense of a misdemeanor; for that said accused

. . did illegally practice dentistry, in that said corporation did charge and collect from H. M. Butler $27.50 in money, as payment for a full upper (vulcanite) rubber plate and a partial lower rubber (vulcanite) plate, prepared for said H. M. Butler in the clinic conducted and maintained by said college by T. W. Bethea, a student in said college, who at the time had not obtained from the Board of Dental Examiners of Georgia a license to practice dentistry, said payment of $27.50 being in excess of the cost of materials used by said college in the construction of said plates; said acts of accused being contrary to the laws of said State. Count Two. The grand jurors aforesaid "charge and accuse Atlanta Southern Dental College, a corporation, with the offense of misdemeanor; for that accused, . . on the 30th day of May, 1933, . . did illegally practice dentistry, in that said corporation did charge and collect from S. B. Askew the sum of $1.50 in money as payment for repair to an upper partial rubber dental plate, by replacing a broken tooth therein, such service being performed by one R. J. H. Sotak, a student in said college who had not obtained from the Board of Dental Examiners of Georgia a license to practice dentistry, said payment of $1.50 being in excess of the cost of materials used by said college in the repairing of said plate, said acts of accused being contrary to the laws of said State. . ." Third Count. The grand jurors aforesaid "charge and accuse Atlanta Southern Dental College, a corporation, with the offense of misdemeanor, for that accused, . . on the 31st day of May, 1933, . . did illegally practice dentistry, in that said corporation did charge and collect from Lillian Howle the sum of 75 cents as payment for the cleaning of her teeth in the clinic of said corporation, said service being performed by Otis Watson, a student in said college, who had not obtained from the Board of Dental Examiners of Georgia a license to practice dentistry, said payment of 75 cents being in excess of the cost of materials used by said college in the cleaning of said teeth, said acts of accused being contrary to the laws of said State." Fourth Count. The grand jurors aforesaid "charge and accuse Atlanta Southern Dental College, a corporation, with the offense of misdemeanor; for that accused, . . on the 26th day of May, 1933, . . did illegally practice dentistry, in that said corporation did charge and collect from Mrs. Corinne Brewer the sum of 50 cents as payment for the extraction of a

tooth, such service being performed by Harry Parker, a student in said college who had not obtained from the Board of Dental Examiners in Georgia a license to practice dentistry, said payment of 50 cents being in excess of the cost of materials used by said college in the extraction of said tooth; said acts of accused being contrary to the laws of said State." Certain demurrers were filed to the indictment and the trial judge sustained them as to the fifth and sixth counts. The case is here on exceptions to the overruling of the demurrer to the other counts, quoted above.

■ It is insisted that the first count does not charge the doing of any act that would constitute the practice of dentistry within the meaning of the statutes of this State; that the preparing or making of an upper and lower rubber plate by a student of such college is not the practicing of dentistry except and unless it is alleged that it was done as part of the treatment of the teeth, mouth, or gums of the patient, or that the impression had been made by such student for the purpose of treatment or operating thereon; that the preparing or making of such teeth or set of teeth is a purely mechanical act which is oftentimes done by the laboratories for practicing dentists. The Code of 1933, § 84-701, provides: "All persons who shall charge a fee or salary or any other reward, whether paid or unpaid to anyone directly or indirectly, for operations or parts of operations of any kind in the treatment of diseases or lesions of the human teeth, mouth, gums or jaws, or extract teeth or attempt to correct the malposition thereof, or who shall fill or crown a human tooth or teeth, or do any operation whatsoever on the human tooth, or teeth, gums or jaws, or who shall make examination of any human tooth, teeth, gums or jaws, or take an impression thereof for the purpose of treating or operating upon the same, or who shall by any means whatsoever make, if known, or imply that he will do such operations, shall be held to be practicing dentistry. Proof of any one or all of the acts mentioned in this section shall constitute prima facie evidence of the practice of dentistry." Attention is called to the fact that prior to the act of 1920 (Code of 1933, § 84-701) the definition of dentistry as embodied in the Code of 1910, § 1746, contained the following: "or by any method supply any substitute to take the place of a lost tooth or teeth," and that such provision is omitted from the present law. According to the rules adopted by our courts in the construc-

tion of statutes, such an omission will be deemed intentional. See *Miller* v. *S. W. R. Co.*, 55 *Ga.* 143; *Sapp* v. *Elrod*, 41 *Ga. App.* 356 (153 S. E. 73); *Horn* v. *State*, 114 *Ga.* 509 (40 S. E. 768); *Butner* v. *Boiffeuillet*, 100 *Ga.* 743 (28 S. E. 464). We think it clear that the act of 1920 was intended as a substitute for § 1746 of the Code of 1910. The making or preparing of an upper or lower plate may be an act purely mechanical which is not per se practicing dentistry. The taking of an impression and the fitting of a plate made from such an impression and the fitting of a plate made from such an impression to the mouth of a particular person, and the doing of the acts necessary therefor, may constitute the practice of dentistry. Under the general rule that criminal statutes are strictly construed, such an act as constitutes the practicing of dentistry is not alleged in the first count of the indictment. The same principle would apply with equal force to the second count. Repairing a broken tooth in a plate does not come within the definition of practicing dentistry. The demurrers were therefore improperly overruled as to these counts.

■ It is further insisted with reference to all the counts of the indictment that the indictment does not negative the condition provided for in the act of 1920 (Ga. L. 1920, p. 142), that "no person lawfully authorized to practice dentistry in said State at the time of the passage and adoption of this act, shall be required to obtain any license or additional authority to practice dentistry in said State." In other words it is contended that the indictment does not allege that the persons performing the acts constituting the practice of dentistry for the corporation were not, at the time of the passage of the act, practicing dentistry. The case of *Herring* v. *State*, 114 *Ga.* 96 (39 S. E. 866), is cited as authority. It was there held: "By the terms of the act approved December 15, 1897, to engage in the practice of dentistry in this State without a license was made a penal offense only as to those not engaged in such practice at the time of the passage of the act. Being an offense only as to a particular class of persons, an indictment charging one with a violation of the prohibition declared in the statute should aver that the accused was embraced in the class as to which the practice was made penal." The act of 1897 there under consideration provided "that this act shall not affect the right under the laws of Georgia of dentists to practice dentistry, having a law-

ful right to practice dentistry at the time of the passage of this act." While the indictment here under consideration does allege the work to be done by a "student," and there might be some question as to whether or not this would not be a sufficient allegation to negative the provision of the act as ruled in the *Herring* case, it does not, from the view we take of the case, become necessary to decide this point. The act of 1920 differs from the act of 1897, in that it contains the following provision: "That it shall be, on the trial of any one charged with a violation of the provisions of this act, or with the illegal practice of dentistry in this State, incumbent on the defendant, upon proof that he practiced dentistry in this State, to show that he had authority under the law to so practice dentistry, to exempt himself from the penalty of such violation." We do not think therefore that the *Herring* case is controlling authority here. This provision makes the having of a license or other authority to practice dentistry at the time of the passage of the act a defensive matter. The State makes out its case by proving that defendant practiced dentistry without having obtained a license from the board of dental examiners. It is not incumbent on the State to prove that the defendant was not lawfully practicing dentistry at or prior to 1920; it was not, therefore, necessary to allege it in the indictment. On proof of the act the burden is cast upon the defendant to prove his right to practice. See, in this connection, *Blocker* v. *State*, 12 *Ga. App.* 81 (76 S. E. 784). The counts were not, therefore, subject to this ground of the demurrer.

■ We may well make the same observations as to the third count as are made as to the first and second in the first division of this opinion. It alleges that a charge was made for the cleaning of teeth. Criminal statutes are strictly construed. Where a statute attempts to define the particular acts a violation of which would be criminal, such language will not be enlarged by implication. Cleaning teeth may require skill, but would hardly be classed as an operation. It may be an incident, or incidental to an operation, and yet not be an operation. We do not believe the language of the statute broad enough to make "cleaning teeth" the practicing of dentistry. We are confirmed in this view by the provisions of the act of 1927 (Ga. L. 1927, p. 25) with reference to dental hygenists or nurses, which allows the removal by such nurses "of calcerous deposits, secretions and stains from normally exposed surfaces of teeth."

■ The demurrer was properly overruled as to the fourth count. The count stated an act which falls within the statute defining what shall be termed the practice of dentistry. It is ,full and sufficient enough to put the defendant on notice of what it is called upon to defend. Judgment is reversed on the rulings on the demurrers, with the exception of the fourth count and the general demurrer.

*Judgment reversed in part and affirmed in part. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. I concur in that portion of the majority opinion which holds that the court did not err in overruling the demurrer to count 4 of the indictment; but dissent from the ruling as to the other three counts. In my opinion, the court properly overruled the demurrer to counts 1, 2, and 3 of the indictment. I think the dental act was intended to bring about and insure skill and proficiency in the profession of dentistry in this State. I do not think it prohibits an unlicensed person from performing merely mechanical work upon inert matter in a dental laboratory, but the taking of impressions of the gums and the connecting of teeth in plates to fit the gums of a particular person is included in the term "practice of dentistry." 18 C. J. 487, note (96) ; Jacobs *v.* Board of Dental Examiners, 189 Cal. 709 (209 Pac. 1006) ; *Boykin* v. *Atlanta Dental College,* 177 *Ga.* 1 (169 S. E. 361) ; State *v.* Newton, 39 Wash. 491 (81 Pac. 1002).

The indictment does not charge the mere mechanical making of plates; it charges that the plates (vulcanite rubber) were made for H. M. Butler. I think the indictment, by this allegation, meant that the plates were prepared to fit the mouth and gums of H. M. Butler. This, of necessity, includes making expert examination of the mouth and gums, carefully taking impressions, and .fitting the product to the mouth and gums of Butler. There is a difference between making dental plates generally in a dental laboratory and making them for a specially named person to fit the mouth and gums of that person. I, therefore, think that the trial judge was correct in overruling the demurrer to counts 1 and 2 of the indictment. ·

"A 'dentist' is one whose business is to *clean, extract, or repair natural teeth, and to make and to insert artificial ones.* 'Dentistry' is the art or profession of a dentist. The 'practice of dentistry,' then, is the practice of the art or profession of a dentist." This is

the definition given in State *v.* Faatz, 83 Conn. 300 (76 Atl. 295). Section 6 of Ga. L. 1920, pp. 120, 136, says that all persons shall be held to be "practicing dentistry" who shall charge a fee or other reward "for operations or parts of operations of any kind in the treatment of diseases or lesions of the human teeth, mouth, gums or jaws, . . or do any operation whatsoever on the human tooth, or teeth, gums, or jaws.

I am of the opinion that the third count alleging the cleaning of the teeth of Lillian Howe was sufficient to withstand the demurrer.