### 26730. PLEMMONS *v.* THE STATE.

Decided June 29, 1938.

*W. B. Robinson,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.

Guerry, J. The defendant was indicted for a misdemeanor, in that on a named date he "did sell and barter for a valuable con-

sideration alcoholic, spirituous, vinous, and intoxicating liquors and beverages and other liquors and beverages, which if drunk to excess will produce intoxication. And did sell and barter for a valuable consideration malted, fermented, brewed liquors commonly called home brew, manufactured from malt in part, and brewed and fermented liquors and beverages in which maltose is a substantial ingredient, and liquors and beverages and drinks made in imitations of and intended as a substitute for beer, ale, and whisky." The defendant demurred, "because said indictment is vague, uncertain and indefinite, in that it is undeterminable thereby whether the defendant is charged with the sale of beer or other malt beverages, conditionally prohibited, legalized by proper license or permit under the malt-beverage act of 1935 (Georgia Laws 1935, page 73), or whether he is charged therein with the sale or bartering of intoxicating liquors prohibited by the laws of said State," and "because that if said indictment is an attempt on the part of the State to charge this defendant with the sale of beer and/or other malt beverages which were legalized by proper license and permit under the act relating to the sale of malt beverages, the same fails to allege an offense against the laws of said State, in the absence of some allegation that this defendant had not obtained a proper license or permit authorizing him to make such sale, or that the license or permit authorizing him to make such sale of the beverages thus legalized is void, expired, or has been revoked by the authority issuing the same, that such sale was made without the tax required by law being paid thereon, or that such sale was made on the Sabbath," and "because said indictment is vague, uncertain, and indefinite, in that the same does not allege whether said offense, if an offense is therein alleged, was committed and consummated within or outside the corporate limits of some municipality in said county authorized by law to permit the sale of such beverages; the same is therefore insufficient to put the defendant upon such notice as is required by law that he may meet and defend therein."

The indictment was sufficient to bring the defendant to trial for a sale of whisky. It was insufficient to charge an offense of selling beer or other malt beverages. It may be stated that at the trial the only evidence for the State was in reference to a sale of malt beverage. "It is a general rule that the allegations of fact made

in the body of an indictment, in order to constitute an offense, must show that the accused did all of those acts which the statute prescribes shall be a crime if done; and it is also a general rule that if all the facts which are charged in the indictment be true and yet the accused be guiltless, the indictment is bad." *Herring* v. *State,* 114 *Ga.* 96, 99 (39 S. E. 866). Quoting further from this same case: "Mr. Bishop in his work on Criminal Procedure (vol. 1, § 631), discussing the rule as to what exceptions in the statute an indictment must negative, says that the principle is, that the indictment must show a prima facie case against the defendant, and where the statute has exceptions, provisos, and the like, the indictment must aver the contrary of those the negative whereof constitutes an affirmative element in the offense, but it may be silent as to those which are merely available in defense. This author further says, in the same section, 'But the question whether a particular exception or proviso is of the one class or the other depends largely upon how the statutory words are arranged.'" Where the negative is descriptive of the offense, it must be alleged in the indictment. Certain statutes of our State with reference to carrying a pistol without a license and with pointing a pistol, have provisions which must be negatived. Before the act of 1935 (Ga. Laws 1935, p. 73), and the act of 1937 (Ga. Laws, 1937, p. 547), it was a violation of the law of this State to sell beer or malt beverages. This part of our liquor law was expressly repealed by the act of 1935, and under that act it becomes a crime to sell such beverages only when there is a failure to comply with certain provisos therein contained. A permit or a license is a condition precedent to the sale. A charge that a sale of such beverages has been made, without alleging that no permit has been obtained, does not aver an act constituting a crime under the acts of 1935 and 1937. The indictment was sufficient to bring the defendant to trial for selling whisky. It was insufficient to bring him to trial for selling beer or malt beverages, because the language therein contained does not allege an act constituting a violation of the law as it now obtains in this State. The demurrer sufficiently pointed out this defect, and it should have been sustained. At the trial the court told the jury that there was no evidence of a sale of whisky. That being true, if the demurrer had been sustained, the evidence was not sufficient to support a con-

viction, and the defendant should have been acquitted. The court erred in overruling the demurrer to that part of the indictment charging the sale of beer or malt liquors, and thereafter in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

MACINTYRE, J., concurring specially. Section 1 of the act (Georgia Laws 1935, p. 73) contains an exception in the enacting clause, and the exception should be negatived in the indictment. *Elkins* v. *State,* 13 *Ga.* 435. It is apparent that the scope of the statute is to create an offense limited to a particular class of persons or conditions. The statute does not create a general offense, and the exception therein is not merely an exception to the general offense, but is an essential element in the offense sought to be charged, and it must be averred in the indictment that the accused did not have a license to sell malt beverages. 2 Bishop's Criminal Procedure, §§ 633, 639; 1 Wharton on Criminal Procedure (10th ed.), §§ 290, 291.