758

27551. CARTER *v.* THE STATE.

Decided October 17, 1939.

*Maddox & Griffin,* for plaintiff in error.

*J. Ralph Rosser, solicitor-general, J. Santé Crawford,* contra.

Broyles, C. J. The indictment was in two counts. Count 1 charged that Ira Carter, on December 23, 1938, in Floyd County, Georgia, "did unlawfully . . possess, control, and have in his possession, custody, and control, *spirituous, alcoholic, malt, and intoxicating liquors* [italics ours], the same not being alcohol for medicinal, mechanical, or scientific purposes, nor wine for sacramental purposes, and not having affixed to the bottle and container of said distilled spirits a tax stamp provided for by the State of Georgia, approved February 3, 1938; contrary to the laws of said State," etc. Count 2 charged that the accused, on December 23, 1938, in Floyd County, Georgia (a county to which the terms of the revenue-tax act of the State of Georgia to legalize and control alcoholic beverages and liquors do not apply, and wherein intoxicating liquor is not legalized under the terms of said act), "did unlawfully . . have in his possession, custody, and control more than one quart of *spirituous, vinous, alcoholic, and intoxicating liquors.*" (Italics ours.)

The defendant interposed the following demurrer: "(1) Said indictment does not allege any offense against the laws of the State of Georgia. (2) Specially demurring to the first count of said indictment, defendant shows that the same does not allege any offense contrary to the criminal laws of the State of Georgia. (3) Defendant specially demurs to the first count of said indictment as alleged, for the reason that defendant might be found guilty of the offense charged for possessing liquors other than distilled spirits or alcohol; that under said count in said indictment he

might be found guilty of possessing malt liquors, when the law only prohibits the possession of distilled spirits or alcohol; that under said indictment he might be found guilty of having in his custody and control prohibited spirits or alcohol, when the law only prohibits the possession of distilled spirits or alcohol. (4) Defendant specially demurs to said first count of said indictment, for the reason that the law only prohibits and makes criminal the possession of distilled spirits or alcohol which does not bear the tax stamps provided for by law, and that by the terms of said indictment other liquors are included within the terms of said indictment 'other distilled spirits or alcohol.' (5) Defendant demurs to the second count of the indictment, upon the ground that the same sets forth no offense against the criminal laws of this State. (6) Demurring specially to said second count of said indictment, defendant could be found guilty for the possession of any intoxicating liquors or beverages. (7) Demurring specially to said second count of said indictment, defendant shows that by its allegations he might be found guilty of the possession of a liquor or beverage not made criminal by law, and that does not come within the terms of the statute upon which said count . . is based. (8) Demurring specially to the second count of the indictment, defendant shows that the law only prohibits the possession or control of said prohibited liquor, and under the terms of said indictment he might be found guilty if it should be found in his custody."

The possession or sale of malt beverages in this State is not illegal, provided the seller has been licensed so to do under the provisions of the malt-beverage act, Ga. L. 1935, p. 73. An indictment which alleges the possession or sale of such malt liquors is defective, except and unless it allege a failure to comply with the provisions of said act. The indictment in the present case was subject to the special demurrer in reference to possessing liquors other than spirituous, alcoholic, and intoxicating liquors, to wit, malt beverages as defined in the act of 1935, just cited. See *Plemmons* v. *State,* 58 *Ga. App.* 131 (198 S. E. 104).

Under the act approved February 3, 1938, passed at the extra session of the General Assembly (Ga. L. Ex. Sess. 1937-1938, pp. 103-123, sec. 27), any person found in possession of any spirituous or alcoholic liquors in a county which, under the pro-

760

visions of the act of 1937 (Ga. L. 1937, pp. 547, 556), has not permitted the sale of such liquors within its boundaries, may still be found guilty under the provisions of the law as it existed before 1937. Floyd County being a dry county, and operating under the law prior to 1937, the demurrer raising the question as to distilled spirits or alcohol is without merit, for the act passed at the extraordinary session (just cited) expressly provides that "the present prohibition law against liquor and alcoholic beverages in those counties of this State not specially exempted from the provisions of the prohibition law under this act" is maintained, "and it is for the purpose and intent of this section to provide that the prohibition law is not repealed in Georgia, except in the counties which have by a majority vote voted this act into operation." The prohibition law in this respect, as to spirituous, vinous, or alcoholic liquors in counties which have not voted into operation the act last cited, is the same as it was before said acts, except that, under section 23b, a person may lawfully possess for use, and not for sale, as much as one quart of the liquor and beverages described in Ga. L. 1937-1938, which has been purchased from an authorized dealer, and where the bottle or container is properly stamped.

Count 1, under the older prohibition law as amended by § 23b of the act passed at the extraordinary session of 1937-1938, sufficiently charged a violation of the prohibition law, as against both general and special demurrers. It was, however, subject to the special demurrer in reference to malt beverages as provided for in the act of March 23, 1935 (Ga. L. 1935, p. 73).

The general and special demurrers to count 2 were properly overruled. Section 3 of the act (Ga. L. 1937-1938, p. 104) provides that nothing in chapter 58-1 of the Code (§§ 58-101 et seq.) "shall apply in those counties in which a majority of those voting at an election held for the purpose vote in favor of the taxing and legalizing and controlling of alcoholic beverages and liquors as provided in this act." The possession of more than a quart of spirituous, vinous, intoxicating, and alcoholic liquors in a dry county of this State is still a violation of the law; and the indictment so charging was not subject to general or special demurrer. Inasmuch as we are sustaining the special demurrer to count 1 of the indictment, it is unnecessary to pass on the ruling of the court dismissing the special plea in abatement to that count.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*