## 53697. PRICE v. THE STATE.

WEBB, Judge.

Edward Gene Price appeals his convictions on five counts of burglary and one count of theft by taking, for which he was sentenced to five-year consecutive terms for each of the burglaries and a consecutive sentence of twelve months for theft by taking, with a provision that after fifteen years the remainder of the sentence be served on probation. He enumerates eight alleged errors by the trial court.

1. Price contends the trial court erred in overruling his objection to the detective's testimony about a statement from another who said that Price was involved with the alleged burglaries. A motion for mistrial was also made.

No statements other than that of Roy Robbins and the statement of Price himself were introduced by the state. Robbins' statement to the detective was made in the presence of Price. "A witness may testify to what he saw or heard in the defendant's presence; under these circumstances, the defendant's right of confrontation is not jeopardized." *Jefferson v. State,* 136 Ga. App. 63, 66 (4)

(220 SE2d 71) (1975). The case of *Crowder v. State,* 237 Ga. 141, 150 (227 SE2d 230) (1976), cited by Price, is inapposite because the statement therein was not made in the presence of the accused. We find no merit in this enumeration.

2. The accused charges as to count five of the indictment that there was a fatal variance between the allegata and the probata, and that the trial court erred in overruling his motions for a directed verdict in that count. This count charged that Price "unlawfully and without authority and with intent to commit a theft and felony therein did . . . enter and remain within the building and property of Gasoline Marketers, Inc. . ."

We find no testimony, and the state has not cited any to us, that Price entered "the building and property of *Gasoline Marketers, Inc."* Although there was testimony about a place identified as "Red Ace Service Station," there was no evidence reflecting any relationship between that station and Gasoline Marketers, Inc. "The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." Berger v. United States, 295 U.S. 78, 82 (55 SC 629, 79 LE 1314) (1935); *DePalma v. State,* 225 Ga. 465, 469 (3) (169 SE2d 801) (1969).

The allegations and the proof here do not meet these requirements. The variance between an allegation of burglary of "Gasoline Marketers, Inc." and proof that the front door of "Red Ace Service Station" was found open with the lock pulled off is indeed fatal to the charge, and Price's motion for a directed verdict as to count five should have been granted.

3. Enumerated errors 3, 4 and 5 are the trial court's failure to charge, without request, on the law of conspiracy, declarations of a conspirator, and corroboration of accomplice testimony.

Here there was no allegation of a conspiracy, and although there were others arrested with the accused, there was no testimony as to what disposition, if any, was

ever made as to any of them. Only appellant was here tried. There were nine witnesses produced by the state, four of whom were victims and the other five were police officers who investigated the burglaries. We fail to see any reason for the trial judge to instruct the jury about the testimony of an accomplice or co-conspirator, when no such person testified. *Payne v. State,* 135 Ga. App. 245 (217 SE2d 476) (1975) and *Pepper v. State,* 133 Ga. App. 1 (209 SE2d 699) (1974) cited by appellant are inapposite. There is no merit in these enumerations.

4. The last three alleged errors are those classified as general grounds. The claim that "the verdict was strongly against the weight of the evidence" is addressed to the trial court. Our only question is whether there is any evidence authorizing the verdict. *Blackwell v. State,* 139 Ga. App. 477 (1) (228 SE2d 612) (1976); *Brooks v. State,* 141 Ga. App. 725 (12) (1977) and cits. Except as to count five, we find no error and there was ample evidence to support the verdict.

*Judgment affirmed as to verdicts and judgments on counts one, three, seven, eight and nine, and reversed as to count five. Deen, P. J., and Marshall, J., concur.*

ARGUED APRIL 6, 1977 — DECIDED APRIL 12, 1977 — REHEARING DENIED APRIL 28, 1977 — ▉▉▉▉▉▉▉▉

*Fuller & Schiller, William M. Schiller,* for appellant.
*F. Larry Salmon, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.