## 59899. HUNTER v. THE STATE.

DEEN, Chief Judge.

Robert Hunter brings this appeal following his conviction of burglary alleging a fatal variation between the allegata and the probata.

1. Hunter was indicted for burglary "on the 18th day of August . . . Nineteen Hundred Seventy-Eight . . . unlawfully and without authority, and with intent to commit a theft therein, entered the business house of Harry W. West the owner thereof, d/b/a West's Grocery, located on Georgia Highway No. 373, on the north side of said highway, approximately ten (10) miles from the city limits of Calhoun, Georgia."

A police officer testified that he responded to a call to go to West's Grocery concerning a burglary on August 17, 1978, and that it is located due east of Calhoun on Dews Pond Road about seven miles east of Calhoun. Harry W. West testified that he operated a business known as "Dews Pond Grocery" which was burglarized and is located about seven miles east of Calhoun on Dews Pond Road. He did not testify as to the date of the alleged burglary. " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' [Cits.]" *Price v. State,* 142 Ga. App. 120 (235 SE2d 387) (1977).

The present case is distinguishable from *Ingram v. State,* 137 Ga. App. 412 (224 SE2d 527) (1976). In that case, the court applied the same test as in *Price v. State,* supra, and found that an indictment alleging a burglary at "Davis Bros. Cafeteria & Motor Lodge..." gave the defendant sufficient notice that he was indicted for a burglary of the premises leased to "Davis, Brothers, Incorporated." In the present case, there was testimony concerning a burglary at "West's Grocery," but there was no evidence to show that it and "Dews Pond Grocery" were the same business establishment and known by both names or that Highway 373 was also called "Dews Pond Road."

As the allegations and proof do not meet the requirements set forth in *Price v. State,* supra, and *Ingram v. State,* supra, the trial court erred in failing to grant Hunter's motion for a directed verdict.

2. As this court can only consider the sufficiency of the evidence, an enumeration alleging that the verdict was against the weight of the evidence cannot be considered. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976).

*Judgment reversed. Quillian, P. J., McMurray, P. J., Smith, Shulman, Banke, Birdsong and Carley, JJ., concur. Sognier, J., dissents.*

SUBMITTED MAY 5, 1980 — DECIDED
SEPTEMBER 5, 1980 —

*Eugene F. Edge,* for appellant.
*Charles Crawford, District Attorney, James Eugene Greene, Assistant District Attorney,* for appellee.

SOGNIER, Judge, dissenting.

The majority opinion reverses this case based on a fatal variation between the allegata and the probata. I respectfully dissent.

The evidence includes testimony of a police officer that he was called to West's Grocery concerning a burglary on August 17, 1978, and testimony of the owner, Harry W. West, that the burglary took place "in August of last year." (The case was tried in June, 1979; therefore, "last year" was 1978.) As the indictment stated August 18, 1978 the time factor is reasonably established. The police officer referred to the establishment burglarized as "West's Grocery," located about seven miles east of Calhoun. Harry W. West testified he ran a business known as Dews Pond Grocery located about seven miles east of Calhoun. Hunter was indicted for burglary of the business house of Harry W. West, the owner thereof, d/b/a West's Grocery ... located approximately 10 miles from the city limits of

Calhoun. The business and its location are reasonably proven.

The purpose of an indictment is to inform the accused of the charge(s) against him so he can prepare his defense and not be surprised by the evidence offered at trial, and to protect the accused against a second trial for the same offense. Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314); *De Palma v. State,* 225 Ga. 465 (169 SE2d 801) (1969); *Ingram v. State,* 137 Ga. App. 412 (224 SE2d 527) (1976). These requirements have been met, and this court has held that "the present trend of the case law is away from the over-technical application of the fatal variance rule . . ." *Ingram v. State,* supra, at 415 (3) (b).