## 71924. WEST v. THE STATE.
(343 SE2d 759)

DEEN, Presiding Judge.

Appellant Gerald J. West, a dental technician, was found guilty of the misdemeanor offense of practicing dentistry without a license, OCGA § 43-11-50. OCGA § 43-11-17 defines the practice of dentistry as follows: "(a) Any person who charges a fee or salary or any other reward, . . . [and] examines any human mouth, teeth, gums, or jaws or takes an impression thereof for the purpose of treating or operating upon the same; makes or repairs appliances usable on teeth or as teeth unless such appliances are ordered by and returned to a licensed dentist; undertakes to do or perform any physical evaluation of a patient in his office or in a hospital, clinic, or other medical or dental facility prior to, incident to, and appropriate to the performance of any dental services . . . ; shall be held to be practicing dentistry." The statute further provides, in subsection (b): "Proof of any one or all of the acts mentioned in this Code section shall constitute prima-facie evidence of the practice of dentistry."

In response to a complaint filed with state officials, a Mr. Dodd, an agent of the Georgia Bureau of Investigation (GBI), went to the dental office where appellant West worked and, representing to the receptionist that his lower dental plate had fallen from his mouth and sunk to the bottom of a lake where he had been fishing, expressed a desire to obtain a replacement denture. According to Dodd's testimony, he was then shown into a room where appellant West examined his mouth and gums and made an alginate impression of the sort customarily made as a necessary preliminary to the manufacture of a permanent denture. The agent then gave West a cash down payment and, after setting a date to pick up the new dental plate, departed. At no time, according to Agent Dodd, did he see a dentist, nor was a dentist's approval mentioned. The dentist at whose office West had his laboratory testified that he had never seen Dodd prior to trial.

Dodd did not return at the appointed time to pick up the denture; rather, a second GBI agent, who was cooperating in the investigation, secured a warrant for West's arrest, served it upon him, and asked him to turn over the plate. According to this agent's testimony,

West led him to a box marked "Dodd" and turned over to him the dental plate contained therein, which plate was subsequently inserted in Dodd's mouth and found to be a perfect fit. The agent testified that at the time of the arrest West had inveighed against the alleged unfairness of the laws regarding the manufacture of dental appliances and had stated he intended to seek to have them changed.

On appeal West enumerates six errors: (1) the trial court's denial of his motion for directed verdict based on the alleged fatal variance between the accusation and the state's evidence; (2), (3) the court's giving an allegedly vague and overbroad jury instruction by quoting the language of OCGA § 43-11-17 in its entirety; (4) the court's refusal to give five requested jury instructions; (5) admission of appellant's statement made at the time of his arrest; and (6) an alleged insufficiency of the evidence. *Held*:

1. Were the law in Georgia not rather well settled on this issue, the writer would be sorely tempted to characterize the case *sub judice* as "one of first impression." Unfortunately for appellant (as for would-be wits), however, the precise issue has been previously raised and resolved adversely to his contentions. In *Atlanta Southern Dental College v. State*, 51 Ga. App. 379 (180 SE 620) (1935), this court held at 382: "The making or preparing of an upper or lower plate *may* be an act purely mechanical which is not per se practicing dentistry. The taking of an impression and the fitting of a plate made from such an impression to the mouth of a particular person, [however,] and the doing of the acts necessary therefor, may constitute the practice of dentistry." (Emphasis supplied.) In *Boykin v. Atlanta Southern Dental College*, 177 Ga. 1, 5 (169 SE 361) (1933), the Supreme Court interpreted the statute as meaning that when any of the acts enumerated in the statute are performed for "a fee or salary, or any other reward," then the doing of the acts constitutes the practice of dentistry. Accord *Rivers v. Atlanta Southern Dental College*, 187 Ga. 720 (1 SE2d 750) (1939).

The accusation filed against appellant reads, in pertinent part, as follows: "[T]he said accused . . . did unlawfully do acts constituting the practice of dentistry without obtaining a license to practice dentistry . . . said acts being that the accused did examine the mouth and gums of W. E. Dodd and did make repairs to dental appliances of W. E. Dodd." It is undisputed that the examination of Dodd's mouth and gums took place and that it was done for the purpose of providing dental treatment; namely, making "appliances usable . . . as teeth," OCGA § 43-11-17 (a), supra; *Clark v. Bd. of Dental Examiners*, 240 Ga. 289, 293 (240 SE2d 250) (1977). The only issue remaining here is whether the specification of "repairing" a dental device rather than of manufacturing one is sufficient to constitute a fatal variance between allegata and probata.

In *Ingram v. State*, 137 Ga. App. 412, at 415 (224 SE2d 527) (1976), this court held: "[T]he present trend . . . is away from the overly-technical application of the fatal variance rule. . . . In *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) [1969], the Supreme Court stated, 'We have not been able to locate any Georgia cases which set out a general rule. . . . The United States Supreme Court, however, has evolved a criterion which seems to us to be reasonable. "The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." ' " *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1934). In *Ingram*, supra, the defendant was indicted for the burglary of "Davis Bros. Cafeteria & Motor Lodge, Room 127"; the property burglarized was actually leased to "Davis Bros., Incorporated." The court concluded at 415: "Applying the *Berger-DePalma* test, we find that there was no fatal variance between the indictments and the proof." In *Price v. State*, 142 Ga. App. 120 (235 SE2d 387) (1977), on the other hand, the indictment recited the burglary of "Gasoline Marketers, Inc.," whereas the proof showed that the door to the "Red Ace Service Station" had been found open with the lock torn off; the court held that the variance was fatal because it did not fulfill the criteria of *Berger* and *DePalma*, supra. Similarly, in *Hunter v. State*, 155 Ga. App. 561 (271 SE2d 694) (1980), when the indictment stated that the defendant was charged with burglary of "West's Grocery, located on Georgia Highway No. 373," and the proof concerned only a burglary of "Dews Pond Grocery" located "on Dews Pond Road," this court held that the variance was a fatal one because it failed not just one but both prongs of the *Berger-DePalma* test.

In the fact situation of the instant case, the language of the accusation was sufficiently definite regarding time, place, and nature of the offense to put defendant on notice as to the nature of the charges against him, so as not to be taken by surprise by the evidence adduced. Even if, *arguendo*, we were to disapprove the trial court's ruling that the difference between making and repairing a denture is a mere "nicety," we would still hold that the accusation stated sufficiently the offense charged. The proof of the first part of the accusation alone, namely, that of performing an examination of the mouth and gums, admittedly for the purpose of providing treatment in the form of a denture, is sufficient, under OCGA § 43-11-17 (b), to establish a violation of OCGA § 43-11-50, and the remainder can be stricken as surplusage. Appellant's repeated attempts to wrest from the language of OCGA § 43-11-17 (a) meanings patently inconsistent

with its intent and general tenor — and, moreover, to ignore the clear provision of subsection (b) — do nothing to persuade us that any one of his first three enumerations has merit. Neither of the challenged jury instructions is impermissibly vague or overbroad in its language or violates due process, *Clark v. Bd. of Dental Examiners*, supra; *Hortman v. Yarbrough*, 214 Ga. 693 (107 SE2d 202) (1959); nor did the trial court err in overruling the motion for directed verdict of acquittal. OCGA § 17-9-1 (a); *Zuber v. State*, 248 Ga. 314 (282 SE2d 900) (1981).

2. Our scrutiny of the record and transcript indicates that plaintiff's enumeration concerning certain allegedly refused jury instructions is also without merit. The first (#3) was actually given verbatim; the substance of #4 was covered elsewhere in the jury charge, although not in the exact language requested; #5 is not a correct statement of the law and therefore was rightly omitted; #6 consists of a single sentence from *Atlanta Southern Dental College v. State*, supra, which, when quoted out of context, does not correctly state relevant law; and #7 is irrelevant both to the accusation and to the evidence in the case.

3. As appellant's counsel admitted in open court, appellant's statement as to whether he conducted an oral examination for the purpose of providing dental treatment was voluntary and was therefore properly admitted into evidence. As to the contention that the prosecution had failed to comply with the court rule requiring that the defense receive ten days' notice of the state's intention to introduce evidence that would (incidentally) implicate the defendant in prior crimes, the record shows that the court pointed out to counsel that, according to the record, he had received such notice some months previously. This enumeration, too, is without merit.

4. Examination of the trial transcript reveals that sufficient evidence was adduced to authorize a reasonable trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State*, 250 Ga. 805 (301 SE2d 274) (1983).

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED MARCH 19, 1986 —
REHEARING DENIED APRIL 2, 1986 —

*A. Lee Parks, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Deborah D. Haygood, Assistant District Attorneys*, for appellee.