WATSON *vs.* THE STATE OF GEORGIA.

| | |
|---|---|
| 64 | 61 |
| 92 | 48 |
| 64 | 61 |
| 100 | 110 |
| 64 | 61 |
| 108 | 772 |
| 64 | 61 |
| 119 | 257 |
| 64 | 61 |
| 120 | 545 |
| 64 | 61 |
| 121 | 158 |

1. The refusal to arrest a judgment on the ground therein stated cannot be made the ground of a motion for new trial. Such refusal may be excepted to in a bill of exceptions which brings up the whole case for review, but not in a bill of exceptions which brings up only the motion for a new trial.

2. Though the indictment need not allege that the money fraudulently converted by the defendant was lawful currency of the United States under section 4424 of the Code; yet if alleged, the description must be proved as laid, and therefore proof that money, without more, was so converted will not support a conviction under such an indictment

Practice in the Supreme Court. Criminal law. Verdict. Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1879.

Watson was indicted for larceny after trust. The indictment alleged that he was the agent at Rome of the Singer Manufacturing Company, and in that capacity received of various persons named specified amounts, "which said several sums of money the said Watson received in lawful currency of the United States, and then and there, in the said county of Floyd, did wrongfully and fraudulently convert the same to his own use," etc.

The jury found defendant guilty. He moved in arrest of judgment on various grounds. The motion was overruled. Defendant then moved for a new trial, one of the grounds being that the court erred in overruling the motion in arrest of judgment. Other grounds were that the verdict was contrary to law and the evidence, and that the evidence failed to show what kind of money was appropriated. This motion was also overruled, and defendant excepted.

CAPERS KING; J. BRANHAM; L. J. FEATHERSTON, for plaintiff in error.

C. T. Clements, solicitor general, by T. W. Alexander, for the state.

Jackson, Justice.

1. In this case it seems that there was a motion in arrest of judgment predicated upon many alleged errors in the bill of indictment; but the motion was overruled and was not excepted to so that we can consider it here. The only case brought before us is the conduct of the court in overruling the motion for a new trial. The case of The State *vs.* Watson in its totality has not been brought up, but only the motion for a new trial in that case. So that we cannot review the motion in arrest or the grounds thereof. It is true that the first ground of the motion for a new trial is the refusal of the court to arrest the judgment, but such refusal is no ground for a new trial. That refusal was itself a final judgment and should have been at once excepted to. The two motions are distinct, and each can be brought here, or both, if the whole case is brought up; but the law will not compel the court to travel in the circle of refusing the one motion and then make that refusal the ground for another distinct motion. The grounds are not repeated in the motion for a new trial as reasons why it should be granted; but the refusal to arrest is the only ground connected with that motion which is alleged as error. This view will dispose of all errors complained of in respect to the indictment. One of them, perhaps, would have been held good; and that is, that there is no allegation in the indictment that the money *belonged to* the Singer Machine Company, or that the persons paying it over to the defendant were agents of that company. But all these objections are disposed of by the ruling first made above, which is all that is before us now.

2. This brings us to the consideration of the grounds proper in the motion for a new trial.

It was unnecessary that the indictment should have al-

leged that the money converted was "*lawful currency* of the United States;" but being alleged it ought to be proven, In *Fulwood vs. The State*, 50 *Ga.*, 591, it was ruled that in an indictment for aiding and abetting an assault with intent to murder, it was not necessary to allege how and with what implements the aiding and abetting was done, but being alleged it had to be proved. So in *Crenshaw vs. The State*, it was decided this term that the description of the hog need not have been as full and minute as it was laid in the indictment, but being laid it should be proved. The principle there ruled covers this case. All money is not lawful currency of the United States, and there is no proof that the money here converted was that sort of money. Therefore, under the unanimous ruling of this court in the 50th, we are constrained to grant a new trial in this case.

Besides, the general aspect of the case seems to us such as that justice would be better subserved by another and more thorough investigation, especially in respect to the fraudulent intent of the defendant in the use of the money of his principal. On that trial any minor inaccuracies will doubtless be corrected by the able and experienced judge who presides in the Rome circuit.

Judgment reversed.