BERRY *v.* THE STATE.

1. It is not cause for arresting the judgment, after a verdict of guilty of burglary, that the house alleged to have been broken and entered is described in the indictment as " the storehouse of Woodlawn, Leo and Macedonia Alliance co-operated store."

2. The description of the house being as stated above, and the evidence showing that the Macedonia Alliance had no ownership or interest in the house or the goods stored therein, the evidence failed to support the indictment; and there being no evidence that the house broken and entered was situated in the county in which the bill of indictment was found and the trial took place, the court erred in not granting a new trial.

June 5, 1893.

Indictment for burglary. Before Judge WELLBORN. White superior court. April term, 1893.

PRICE & CHARTERS, UNDERWOOD & SON, J. B. ESTES and J. J. BOWDEN, for plaintiff in error. HOWARD THOMPSON, solicitor-general, and W. S. PICKRELL, *contra.*

SIMMONS, Justice.

1. The indictment under which the defendant was convicted charged that he broke and entered "the storehouse of Woodlawn, Leo and Macedonia Alliance cooperated store." He moved to arrest the judgment because the indictment failed to allege ownership. This objection, if good, should have been taken before trial, and is not cause for arresting the judgment after a verdict of guilty. Code, §4629; *Hatfield* v. *The State,* 76 *Ga.* 499.

2. There is no evidence in the record that the storehouse was known as " Woodlawn, Leo and Macedonia co-operated store," or was owned by any corporation or association of persons under that name, or indeed that any such organization or concern existed. It appears that certain associations existed under the names respectively of the "Woodlawn Alliance," the "Leo Alliance" and the "Macedonia Alliance," but it does not

appear that they co-operated in running the business conducted at this store, or that they owned the property together.   On the contrary, it was shown that the " Macedonia Alliance " had no interest at all in the property or the business.   According to the evidence, the goods belonged to an association of persons and "sub-alliances " who operated the business, and whose respective interests were represented by shares, a small portion of the shares belonging to the " Woodlawn " and " Leo " alliances, and the remainder to individuals independently of any organization; and this association, or the store conducted by it, was described simply as " the alliance co-operative store."   The evidence, therefore, fails to support the indictment.   The rule is well settled that ownership must be proved as laid in the indictment. Such proof, being descriptive of the identity of the offence, is held necessary even where ownership is needlessly alleged.   1 Bishop, Crim. Proced., 3d ed. §§488, 488b, 582–4; 1 Starkie, Crim. Pl., 2d ed. 206.   And see *Watson* v. *The State,* 64 *Ga.* 61 ; *Crenshaw* v. *The State, Id.* 449.   The evidence, moreover, fails to show any proof of venue.   We have examined the record carefully, and it is wholly silent on this point.   " The venue is a jurisdictional fact, and must be proved by the State as a part of the general case, otherwise a conviction is unwarranted ; and the lack of sufficient evidence of the venue is covered by the exception that the verdict is contrary to law and without evidence to support it."   See *Futch* v. *The State,* and cases cited, 90 *Ga.* 472, 16 S. E. Rep. 102, 103.   The court below erred, therefore, in not granting a new trial.                    *Judgment reversed.*