KIDD *v.* THE STATE.

1. It was not error to refuse to continue a criminal case because of the absence of a witness for the accused, who had not been subpœnaed and whose whereabouts were unknown at the trial; it appearing that there had been ample time between the finding of the indictment and the trial for the movant to have located and subpœnaed the witness, if he was in fact accessible.

2. If the dwelling-house of a husband, occupied by himself and his wife, was broken and entered with intent to commit a larceny of goods therein contained, though the indictment in setting forth the larceny alleged that the goods in question belonged to the husband and the proof showed that the title to the same was in the wife, there was no variance between the allegata and probata.

3. Where a burglary was committed, and there was testimony of an admission by the accused, to the effect that he went with another to the scene of the crime, stood near by, and saw him enter the house and take therefrom certain goods which the accused then and there bought, it was not error, as against the accused, to charge, in substance, that if he made a statement that he was present and saw the crime committed, the jury might look to it, not as a confession of guilt, but as a circumstance to be considered in reaching a conclusion as to whether or not he was guilty of the crime charged against him in the indictment.

4. It is not cause for a new trial that the court permitted the prosecutor, upon his redirect examination, to testify to a fact not strictly in rebuttal of anything brought out on his cross-examination, this being a matter resting entirely in the sound discretion of the court.

5. The evidence was sufficient to authorize the verdict.

Argued April 19, — Decided May 5, 1897.

Indictment for burglary. Before Judge Littlejohn. Sumter superior court. November term, 1896.

*J. R. Williams,* for plaintiff in error.

*F. A. Hooper, solicitor-general,* by *C. R. Crisp,* contra.

LUMPKIN, P. J. 1. There was no error in refusing to grant the continuance asked for in this case on the ground of the absence of a witness. It was not shown that the witness had been subpœnaed, and it appeared that at the time of the trial his whereabouts were unknown. The record also discloses that there had been ample time between the finding of the indictment and the trial for the accused to have located and subpœnaed the witness, if he was in fact accessible. In that case, the accused was lacking in diligence in failing to take the necessary steps to secure the attendance of the witness. If

he was not accessible, there was no certainty of procuring his presence at the next term. So, on the whole, we think the motion to continue was properly overruled.

2. It is not essential that an indictment for burglary, which charges that the accused broke and entered a house with intent to commit a larceny therein, should distinctly describe the larceny in question. If, however, the indictment undertakes to do this, the charge should be proved as laid. In the present case, it was alleged that the goods which the accused intended to steal belonged to the prosecutor, and the proof showed that the title to the same was in his wife. We do not think this constituted a variance between the allegata and the probata. It did appear that the goods were in the possession of the husband and under his custody and control; and according to the principle laid down in *Goode* v. *State*, 70 *Ga.* 752, this was sufficient to authorize the allegation that the goods belonged to the prosecutor.

3. There was evidence for the State to the effect that the accused had admitted being near the scene of the crime when the burglary was committed; that he went there with another, and saw the latter commit the burglary. In this connection, the court charged, in substance, that if any such admission had been made, the jury might look to it, not as a confession of guilt, but as a circumstance to be considered by them in reaching a conclusion as to whether or not the accused was guilty of the crime charged against him in the indictment. There was no error in this instruction. It was the right of the jury, if they found that such an admission had been made, to believe a part of it and reject the balance; and, so doing, they might have concluded that the accused was not only present when the crime was committed, but also that he participated in its perpetration, instead of being merely an innocent spectator. The court did not tell the jury what inference they ought to draw from the admission, if made, but simply that they might look to it and consider it in passing upon the case.

4. It has uniformly been held by this court that a trial judge has a large discretion in allowing the introduction of

testimony outside of the course usually pursued in bringing out the facts of the case. He may, when the ends of justice so require, reopen a case to let in additional evidence, taking care, of course, that no unfair advantage shall be thus taken of the party against whom such evidence bears. Certainly this court will not interfere with the discretion of the trial judge in allowing a witness, upon redirect examination, to testify to pertinent facts, although the same may not have been in rebuttal of anything brought out on the cross-examination.

5. The verdict was warranted by the evidence, and we find no cause for ordering a new trial.

*Judgment affirmed. All the Justices concurring.*