202

24560. GROCE, *alias* GRACE, *v.* THE STATE.

DECIDED APRIL 26, 1935.

*D. Lee Churchwell,* for plaintiff in error.
*Earl W. Butler, solicitor, Oscar L. Long Jr., solicitor,* contra.

MacINTYRE, J. The defendant, Ivey Grace, was found guilty under an accusation for larceny which alleged that the articles stolen were the personal goods of "North Highland Grocery Company." The proof was that the property alleged to have been stolen was the property of Arthur Stamm. Stamm testified: "I operate the store which is operated under the name of the North Highland Grocery. There is no company of the name used, and the business is not incorporated. It is all my property." The ownership of property alleged to be stolen must be alleged in the indictment, "to the end that the court may judicially determine that the property alleged to have been stolen was not in fact the property of the accused, that he was not entitled to the possession thereof, and that the taking and carrying away were wrongful; and also for the further purpose of apprising the accused of the exact offense with which he is charged and to enable him to prepare to meet his defense on the trial." Houghton on Criminal Procedure (10th ed.), 1212, § 856.

The name North Highland Grocery Company imports a corporation and under the allegations of the accusation it would not have been subject to demurrer relative to the ownership of the property. It has been held in *Mattox* v. *State,* 115 *Ga.* 212 (7) (41 S. E. 709), that "where in an indictment for larceny the ownership of the goods alleged to have been stolen is laid in a name [Acme Brewing Co.] which imports a corporation, the presumption is that it is the name of a corporation, and it is not necessary even as against a special demurrer to allege the fact of incorporation." It would have been otherwise if the name imported either a corporation or a part-

nership. *Bremen Foundry & Machine Works* v. *Boswell*, 22 *Ga. App.* 434, 436 (96 S. E. 182). If the accusation had alleged ownership in the North Highland Grocery instead of the North Highland Grocery Company, this name might have reasonably imported either a partnership or a corporation, and the defendant could have called for a more specific allegation in this particular, and thus, upon exercising his right of demurrer, he would have been entitled to know in what capacity the North Highland Grocery claimed to own the property—whether as a corporation, a partnership, or as an individual doing business under an assumed or trade name. The accusation in the instant case alleged ownership in a name importing a corporation, and, under the decisions of our courts, the State by this allegation deprived the defendant of the right to demur in respect to the ownership of the property, and then proceeded to prove by the uncontradicted evidence of the State's witness Stamm that the goods were not stolen from a corporation, but were stolen from him under his assumed or trade name. This was a material variance affecting the identity of the alleged ownership and the proven ownership. The presumption that the property was the property of a corporation, North Highland Grocery Company, was overcome by the undisputed evidence, and the evidence failed to show that Stamm, the real owner, was acting or conducting business under an assumed or trade name such as was alleged in the indictment. See, in this connection, *Clark* v. *Wyche*, 126 *Ga.* 24, 26 (54 S. E. 909) ; *Eslinger* v. *Herndon*, 158 *Ga.* 823, 826 (124 S. E. 169) ; *Davis* v. *State*, 105 *Ga.* 808, 812 (32 S. E. 158). The variance between the name of the alleged owner and the name of the proven owner is so marked and so affects the interest of the defendant that the allegations made shut off the right of the defendant to demur relative to the ownership of the property, whereas if the assumed or trade name had been alleged, the accused, by appropriate demurrer, could have called upon the State to disclose the person acting under the assumed or trade name.

We think that under the law and facts of the case, the variance between the allegation and the proof of ownership was of such a material character that a new trial should be granted.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*