## 25749. McDANIEL *v.* THE STATE.

DECIDED OCTOBER 23, 1936.

*John D. & E. S. Taylor,* for plaintiff in error.
*James F. Kelley, solicitor-general, J. Ralph Rosser,* contra.

BROYLES, C. J. "Any person who shall stab another, except in his own defense or other circumstances of justification, with a sword, dirk, or knife, *or other instrument of the like kind* [italics ours], shall be punished as for a misdemeanor." Code, § 26-1701. Under that section, a person is not guilty of stabbing unless he cuts or stabs another with a sword, dirk, or knife, *or some other instrument of the like kind.* In the indictment in this case the defendant was charged with assaulting the prosecutor "with a certain knife, razor, and dirk." The indictment did not contain the words, "or other instrument of the like kind," which are in the section just quoted. It is well settled that every material averment in an indictment must be proved as laid, and that when not so proved there is a fatal variance between the allegations of the indictment and the proof. See *Crenshaw* v. *State,* 64 *Ga.*

449; *Wilson* v. *State*, 115 *Ga.* 206 (2) (41 S. E. 696, 90 Am. St. R. 104); *Johnson* v. *State,* 119 *Ga.* 257 (2), 261 (45 S. E. 960); *Perkins* v. *State,* 29 *Ga. App.* 278 (3) (115 S. E. 27); *Robertson* v. *State,* 97 *Ga.* 206 (2) (22 S. E. 974); *Watson* v. *State,* 64 *Ga.* 61 (2); *Berry* v. *State,* 92 *Ga.* 47 (2), 48 (17 S. E. 1006). In this case, while several witnesses for the State testified on the direct examination that the accused cut the prosecutor with a knife, on cross-examination all of them, including the person cut, testified that they saw no knife and did not know *what instrument* the defendant used in cutting the prosecutor, that it was about "dusk dark," and that the cutting might have been done with "a piece of glass." None of this evidence adduced on the cross-examination was altered or modified on the redirect examination of the witnesses. It must therefore be held that the testimony given by the witnesses on their direct examination, to wit, that the defendant cut the prosecutor with a knife, was of no probative value whatever. Furthermore, no witness testified that the prosecutor was cut with a razor, dirk, or other instrument of the like kind; and the circumstantial evidence did not disclose whether the cutting was done with a knife, a razor, a dirk, a piece of glass, or some other instrument. In our opinion there was a fatal variance between the allegata and the probata. The court erred in refusing a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*