HADDEN *v.* THE STATE.

No. 14641.   November 11, 1943.

852

*William Hall, Mary A. Lang,* and *George L. Goode,* for plaintiff in error. *T. Grady Head, attorney-general, G. Fred Kelley, solicitor-general,* and *Maud Saunders,* contra.

BELL, Chief Justice. (After stating the foregoing facts.) It is contended that the evidence demanded a finding in favor of the special plea alleging former acquittal, because it showed that both indictments were based upon the same transaction, in which, as the State insisted, the defendant killed his wife. All assignments of error except those relating to the finding of the judge against the special plea were expressly abandoned in the brief filed for the plaintiff in error, and so the only question for determination is whether such finding was authorized.

In *Gully* v. *State,* 116 *Ga.* 527 (42 S. E. 790), this court discussed rather fully the different rules for determining a plea of former jeopardy, and stated that as between the rules known respectively as "the same-evidence test" and "the same-transaction test," the latter rule has been the one adopted and generally followed in this State. It was there recalled that as early as *Roberts* v. *State,* 14 *Ga.* 8 (58 Am. D. 528), this court said that such a plea is sufficient when the proof shows the second case to be the same transaction as the first.

While in *Harris* v. *State,* 193 *Ga.* 109, 114. (17 S. E. 2d, 573), it was stated that some confusion exists in our decisions in reference to the rules for determining former jeopardy, there was no departure from the same-transaction test, that decision having turned on the principle of res judicata or estoppel by judgment, which is entirely consistent with if not actually included within the same-

transaction rule. Accordingly, we agree with counsel for the plaintiff in error, that this is the rule that should be applied in the instant case, and will proceed to determine it upon this principle.

"Under this rule it becomes necessary in each case to determine whether both indictments and the investigations that may be had thereunder relate to the same offense; that is, in order to successfully defeat a prosecution under the last indictment it is incumbent upon the accused to identify the offense charged in the second indictment with that which was, or could have been, made the subject of investigation under the first indictment." The general principle here quoted is taken from the decision in *Gully* v. *State,* supra, where it was held that an acquittal under an indictment charging that the accused committed the offense of bigamy by contracting an unlawful marriage with "Gussie Shingler" would not bar a subsequent prosecution under an indictment charging him with contracting an unlawful marriage with "Bessie Shingler," especially when it appeared that at the time of the alleged offense there were in life persons answering to the names of both Gussie and Bessie Shingler. In reference to the particular facts there involved, the court reasoned as follows: "The first indictment charged an unlawful marriage with Gussie Shingler. The proof showed that there was such a person as Gussie Shingler. But whether this was so or not, under the first indictment there could not have been a legal investigation in reference to an unlawful marriage by the accused to any other person than the one named in the indictment. Evidence of a marriage by the accused with Bessie Shingler would not have been admissible under the first indictment. While the offense charged in each indictment is the same in general terms, that is, bigamy, an unlawful marriage to a particular person is an essential element in this offense, and the allegation and proof in reference to this person must correspond. The offenses charged in the two indictments are not, therefore, identical. In the absence of any evidence at all, the indictments on their face show that they could not involve the same transaction. In the light of the evidence that Gussie Shingler and Bessie Shingler were separate and distinct persons, the view is strengthened that it was impossible under the first indictment to investigate the subject of a marriage by the accused with any other person than the one therein named. It is immaterial whether we apply

the same-transaction test or the same-evidence test; the finding against the special plea was proper. . . It is immaterial what the pleader intended when the indictment was drawn. It is also immaterial what the grand jury intended when they found the first indictment. It is immaterial that both the pleader and the grand jury had in mind but one marriage, and that the indictment intended to charge that this marriage was contracted. Under the indictment as it was framed, no other transaction could have been properly the subject of a legal investigation than an unlawful marriage between the accused and Gussie Shingler. An unlawful marriage with Bessie Shingler was a separate and distinct transaction from the alleged marriage between him and Gussie Shingler. The finding against the plea of former acquittal was demanded by the evidence offered to support the same."

In the instant case it appeared that the first indictment charged the defendant with killing "Mrs. Emma Todd Hadden," while in the second indictment he was charged with killing "Mrs. Carrie Todd Hadden." The evidence showed that the only person whom it was claimed had been killed was the defendant's wife, who before her marriage was named Carrie Todd, and that she had never been known by the name Emma, or by any other name except Carrie. She had a sister named Emma, who was still in life, and this name was erroneously given to the solicitor-general.

Thus, not only did the indictments purportedly charge the killing of different persons, but the evidence as to persons and names was such as to show that the killing charged in the second indictment could not have been the subject of investigation under the first. There was such a variance between the indictment and proof as to prevent such investigation and to bar the possibility of conviction. In these circumstances there could be no former jeopardy; and the judge properly so found. See *Lewis* v. *State,* 90 *Ga.* 95 (3) (15 S. E. 697); *Irwin* v. *State,* 117 *Ga.* 722 (2) (45 S. E. 59); *Lock* v. *State,* 122 *Ga.* 730 (2) (50 S. E. 932); *Moody* v. *State,* 1 *Ga. App.* 772 (58 S. E. 262); *Appling* v. *State,* 26 *Ga. App.* 418 (106 S. E. 311); *Thomas* v. *State,* 33 *Ga. App.* 677 (127 S. E. 617); *Gardner* v. *State,* 34 *Ga. App.* 512 (130 S. E. 215); 2 Warren on Homicide, 142, § 182; 1 Wharton's Criminal Law (12th ed.), 535, § 394.

While, as was pointed out in *Burch* v. *State,* 4 *Ga. App.* 384 (61

S. E. 503), the opinion in the *Gully* case may have contained an inapt or unsound illustration in reference to cases of larceny, the principles actually applied in the case are considered sound, and require an affirmance in the instant case.

*Judgment affirmed. All the Justices concur.*