45325. LIVINGSTON v. THE STATE.

DEEN, Judge. 1. "An adjourned term of court is but a continuation and a part of the regular term." *Carter v. State,* 14 Ga. App.

242 (80 SE 533). Where without any order taken the term of court following the term at which defendant made his demand for trial continued beyond the statutory two weeks set for a "regular term" it was a continuance and part of the regular term. The defendant's demand for release because he was not timely tried is without merit.

2. The indictment for burglary alleges that the defendant and another broke into the storehouse of Wheeler's Men & Boys Wear, Inc. The proof shows that two holes were made in the roof of "Wheeler's Mens Shop," "Wheeler's Mens Store" and "Wheeler's." There is no testimony of ownership in the record, since the appellations used in the testimony do not refer to any entity, natural or artificial, nor are they identified as a trade name of any entity. Neither is there any testimony, as there was in *Smith v. State,* 118 Ga. App. 464 (164 SE2d 238), that the words were used interchangeably or intended to refer to the same owner. Failure to prove ownership substantially as alleged in the indictment is a fatal variance. *Groce v. State,* 51 Ga. App. 202 (179 SE 825); *Morgan v. State,* 63 Ga. 307; *Lawson v. State,* 68 Ga. App. 830 (3) (24 SE2d 326).

3. The evidence in the case is weak and is entirely circumstantial in its nature. Whether or not it is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused need not be decided, since the case is to be tried again.

*Judgment reversed. Evans, J., concurs. Hall, P. J., concurs in Divisions 1 and 2.*

SUBMITTED MAY 6, 1970—DECIDED JULY 6, 1970.

*Wesley R. Asinof, Robert B. Thompson,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.