46600.   REECE v. THE STATE.

EBERHARDT, Judge. Craig Junior Reece was indicted and convicted of automobile larceny. His motion for new trial, on the general grounds only, was overruled and he appeals. *Held:*

1. The principal issue on which a reversal is sought is a contention that the proof as to the description of the automobile did not correspond with that alleged in the indictment.

The indictment charged defendant with the larceny of a

1970 Volkswagen, Motor Identification Number 116479779, being the property of Joyce Oliver. The State's proof showed that this defendant and two others were seen in the act of asporting a green Volkswagen from an apartment complex in Marietta. The police were called and within a short time the car was found about a half mile from where it had been removed. The police got in touch with the occupant of the apartment adjacent to the place from which the car had been removed, Miss Joyce Oliver, and asked whether her car was missing. She looked out the window where it had been parked and immediately asserted that it was missing. She then accompanied the police to the car and readily identified it as being hers. She testified that the Motor Identification Number was 116479779, that it was a green Volkswagen, 1966 Model, and that it was the same vehicle described in a title certificate which had been issued by the State Revenue Commissioner to her father, B. L. Oliver, and transferred to her. She had the keys to the car, with which it was finally started after being located, identified, etc.

The mere discrepancy as to the year model does not result in a failure of the proof when there is other identification sufficient to identify the vehicle described in the indictment and in the proof as being one and the same. The year model is not by any means the only or even the important item of identification. It is common knowledge that the differences in the appearances of year models of various makes of cars, especially the Volkswagen, are so insignificant as to make this a very difficult, if not impossible, factor for the average person. But other items, such as the color, the identity of serial or motor numbers, the title certificate, the keys, etc., are amply sufficient to enable the jury to conclude that the car stolen was indeed the one described in the indictment. Cf. *Herring v. State,* 122 Ga. App. 730 (178 SE2d 551). The case of *Watts v. State,* 123 Ga. App. 371 (181 SE2d 88), on which appellant relies, does not require a different result. In that case the indictment charged a larceny

of a 1964 Chevrolet station wagon, bearing stated motor and tag numbers. The proof simply showed it to be a 1963 Chevrolet station wagon, and it was held that this was a fatal variance because "There was no testimony which served to identify the automobile in general terms as being the one described in the indictment."

2. Appellant urges that there was no proof that the Volkswagen was removed from its parking place at Miss Oliver's apartment without her consent. This contention is without merit. The State's witness, Landers, saw defendant and his two associates in the act of pushing the car from its parking place toward the street and doing what appeared to be a "straight wiring" of it so that they might start the motor. When the police located Miss Oliver, the owner, and inquired as to whether her car was missing she went at once to the window, looked out and asserted that it was. She had left it locked up the night before just outside her apartment. She went with them to the car, about half a mile away, and readily identified it. She had the keys. The ignition wires had been tampered with—were "pulled apart." This was sufficient proof to authorize a finding that the car had been moved without her permission.

3. It is urged that there was no proof of the value of the car, alleged in the indictment to have been $2,000. "[V]alue, just as any other matter of proof, may be shown circumstantially or inferentially, as well as directly or positively." *Ayers v. State,* 3 Ga. App. 305, 307 (59 SE 924). While the proof may be somewhat sparse, it does appear that this Volkswagen car was, when driven to her apartment the night before, in operable condition, that she parked it and locked it, that after it was located it could not be immediately started, but did start and was operable after the owner's brother made repairs or adjustments of the wiring which had been tampered with, that Miss Oliver held a title certificate to the car showing no liens against it. We deem this to be sufficient to enable the jury to conclude that it did have value.

*Buntin v. State,* 117 Ga. App. 813 (162 SE2d 234).
*Judgment affirmed. Jordan, P. J. and Hall, P. J. concur.*
  *Whitman, J., not participating.*
SUBMITTED OCTOBER 5, 1971—DECIDED NOVEMBER 18, 1971.

*Robert B. Thompson,* for appellant.
*Ben F. Smith, District Attorney,* for appellee.