### 48069. ANDERSON v. THE STATE.

STOLZ, Judge. 1. "If the sentence of the court is within the limits prescribed by law for the offense charged, this court has no jurisdiction to review the sentence or the court's refusal to reduce it." *Bowman v. State,* 91 Ga. App. 52 (2) (86 SE2d 66) and cits. The appellant's 7-months prison sentence for the misdemeanor of simple battery was within the limits fixed by law and this court cannot say that it is unjust, extreme, or oppressive. *Hudson v. State,* 108 Ga. App. 192, 200 (132 SE2d 508, 100 ALR2d 1395).

2. The issue of the contended excessiveness of the $2,000 bail assessed by the trial judge in the exercise of his discretionary power, was not raised, as it must have been, before the trial judge by habeas corpus or a showing of inability to make the amount of bail set; therefore, the enumerated error attempting to raise this issue for the first time in this court, presents nothing for review. See *Jones v. Grimes,* 219 Ga. 585 (1b, 2a) (134 SE2d 790); *Stevens v. State,* 228 Ga. 621 (1) (187 SE2d 281) and cits.

No error of law appearing in the appellant's sentence appealed from, the judgment of the trial court must be, and hereby is, affirmed.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED APRIL 10, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED APRIL 25, 1973 — ■

*Thomas M. Spence,* for appellant.
*John T. Strauss, District Attorney,* for appellee.