## 48172. HOLBROOK et al. v. THE STATE.

Stolz, Judge. The defendants appeal from the overruling of their motion for new trial as amended following their conviction and sentence for larceny of a motor vehicle. *Held:*

1. The indictment alleged that the stolen truck was the property of "Grover R. Cannon, d/b/a A Bar G Mobile Homes," and the unobjected to evidence to this effect by the manager of said business was sufficient to support the allegation of ownership, notwithstanding that the certificate of title, later introduced in evidence by the state, indicated the record owner to be merely "A Bar G Mobile Homes." See *Norton v. State,* 73 Ga. App. 307 (1) (36 SE2d 120); *McKee v. State,* 200 Ga. 563 (37 SE2d 700). Cf.*Groce v. State,* 51 Ga. App. 202, 203 (179 SE 825) and cits., which indicates that an assumed or trade name can be alleged as the owner and evidence admitted to show that the real owner was acting or conducting business under such alleged assumed or trade name.

2. Failure to prove the serial number of the stolen vehicle as alleged in the indictment, was not a fatal variance between the allegation and the proof where there was other identification sufficient to identify the vehicle described in the indictment and in the proof as being one and the same. " 'In criminal law an unnecessarily minute description of a *necessary* fact must be proved as charged; but an unnecessary description of an *unnecessary* fact need not be proved.' " (Emphasis supplied.) *Bell v. State,* 227 Ga. 800 (1) (183 SE2d 357) and cit. "It is not necessary to plead a serial number in order to adequately describe the stolen automobile in a theft case. *Gee v. State,* 110 Ga. App. 439 (1) (138 SE2d 700). This court has also held that a slight discrepancy in the serial number or the model year 'does not result in a failure of proof when there is other identification sufficient to identify the vehicle described in the indictment and

in the proof as being one and the same.' *Reece v. State,* 125 Ga. App. 49 (1) (186 SE2d 502); *Herring v. State,* 122 Ga. App. 730 (5) (178 SE2d 551)."*Farr v. State,* 127 Ga. App. 120, 121 (192 SE2d 500).

3. The trial judge did not abuse his discretion in permitting Officer Carter to testify, over objection of hearsay and evidence of the commission of a separate offense with which the defendants were not charged, to the following effect: That a house trailer, which was reported stolen at the same time as was the truck in question, was discovered only approximately 1,000 feet from the truck and 4 days prior to the discovery of the truck; that defendant Holbrook and his son were crouching behind their automobile nearby, hiding from the witness (deputy sheriff); that Holbrook, on being questioned as to what he was doing there, replied that he had been hired to underpin the house trailer, connect the plumbing, etc., by a man whom he refused to identify; and that the defendants had been observed operating the stolen truck, pulling the stolen house trailer. "When one is on trial charged with the commission of a crime, proof of a distinct and independent offense is never admissible, unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other. While this rule is general and subject to few exceptions, still there are some exceptions; as when the extraneous crime forms part of the res gestae; or is one of a system of mutually dependent crimes; or is evidence of guilty knowledge; or may bear upon the question of the identity of the accused, or articles connected with the offense; or is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged; or where it tends to prove malice, intent, motive, or the like, if such an element enters into the offense charged." *Cawthon v. State,* 119 Ga. 395, 408 (46 SE 897); *Phillips v. State,* 51 Ga. App. 675 (181 SE 233). The evidence as to the house trailer was so intertwined with that of the truck as to provide a logical connection establishing the theft of the truck. Even if this is not true, moreover, it was admissible under at least several of the recognized exceptions to the general rule noted hereinabove.

4. The evidence authorized the verdict.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

Submitted May 3, 1973 — Decided May 18, 1973.

*Harl C. Duffey, Jr., Donald N. Wilson,* for appellants.
*George W. Darden, District Attorney, Joseph L. Chambers,* for appellee.