## 48616. MOORE v. THE STATE.

EVANS, Judge. James Doyle Moore was convicted of the offense of burglary and sentenced to serve a term of 10 years, the last five years on probation. The appeal is from this judgment. *Held:*

1. The indictment charged the defendant with entering "the building and place of buisness [sic] of *Vee Simmons* without authority and with intent to commit a theft." The state's evidence showed that the defendant had burglarized a public school building, title to which was in the Decatur Public School System, and that Vee Simmons, as elementary school principal, was in charge thereof.

Were the allegata sustained by the probata? The question of *ownership* of a building that is burglarized, is a very important and vital part of the case. The proof must show ownership to be as alleged in the indictment.

In *Morgan v. State,* 63 Ga. 307, defendant was indicted for breaking and entering "the dwelling house of one Rose Taylor." The proof showed the house was rented by the husband of Rose Taylor, and their family. It was held, "The evidence does not support the indictment." In *Groce v. State,* 51 Ga. App. 202 (179 SE 825), defendant was indicted for larceny of certain property, the ownership of which was alleged to be in "North Highland Grocery Company." The proof showed that the stolen property was owned by Arthur Stamm, doing business under the trade name of "The North Highland Grocery," and it was held that the variance between the allegation and proof was fatal. In *Livingston v. State,* 122 Ga. App. 152 (2) (176 SE2d 520), defendant was indicted for the burglary of the storehouse of Wheeler's Men & Boys Wear, Inc. The proof shows holes were made in the roof of "Wheeler's Mens Shop" — "Wheeler's Mens Store," and "Wheeler's." It was held that these three appellations do not refer to any entity, natural or artificial, and are not identified as a trade name of an entity, and consequently there was no proof of ownership, and the conviction was reversed.

Cases like those above cited could be multiplied, but it is unnecessary. Suffice to say that Jame Doyle Moore could not be legally convicted under an indictment alleging the burglarized building to be that of Vee Simmons, when the evidence shows the true title was actually in another, to wit, the Decatur Public School System.

The verdict and judgment in this case must be reversed. The defendant cannot be tried again unless he is indicted again, because the present indictment alleges ownership of the building to be in Vee Simmons, when the proof shows that not to be the case, and this decision makes that question res judicata. *Hall v. Scoggins,* 202 Ga. 198 (42 SE2d 763), at page 201; Frank v. Mangum, 237 U. S. 309 (35 SC 582, 59 LE 969).

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 17, 1973 — DECIDED OCTOBER 11, 1973 — REHEARING DENIED NOVEMBER 7, 1973 — 

*James C. Bonner, Jr.,* for appellant.
*Richard Bell, District Attorney, Leonard Rhodes,* for appellee.