## 50913. McHUGH v. THE STATE.

STOLZ, Judge.

The basis of this appeal from the conviction of criminal attempt to commit burglary is the contended material, hence fatal, variance between the allegation in the indictment of an "attempt to force door open causing burglar alarm to sound on the office of Dr. Clyde Harrison" and proof that the alarm was activated by an attempt to knock in a *window.*

" 'In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved.' *Hall v. State,* 120 Ga. 142 (1) (47 SE 519)." *Bell v. State,* 227 Ga. 800, 802 (183 SE2d 357).

In *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801), the Supreme Court stated, "We have not been able to locate any Georgia cases which set out a general rule to be applied in the determination of whether or not a variance between the allegation and the proof is so material that it is fatal. The United States Supreme Court, however, has

evolved a criterion which seems to us to be reasonable. 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' (Citations omitted). Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)."

In *Marchman v. State,* 234 Ga. 40, 45 (215 SE2d 467), the Supreme Court stated, "The motion for rehearing raises questions concerning the fatal variance rule as applied in *Marchman v. State,* 129 Ga. App. 22 (198 SE2d 425). In the light of recent statutory changes in the criminal law, *we question overly-technical applications of the fatal variance rule* but can not reach that issue because it is not presented in this case." (Emphasis supplied.)

Illustrative of the trend away from "overly-technical applications of the fatal variance rule," are the cases of *Reece v. State,* 125 Ga. App. 49 (186 SE2d 502); *Howard v. State,* 128 Ga. App. 807 (198 SE2d 334); and *Seabolt v. State,* 234 Ga. 356 (216 SE2d 110), as well as the other cases cited hereinabove.

The variance complained of here did not subject the appellant to either of the dangers against which the fatal variance rule, as construed by the courts, is designed to offer protection. The verdict was authorized by the evidence, and the trial judge did not err in overruling the motion for a directed verdict of acquittal and in entering judgment on the verdict.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

Submitted September 8, 1975 — Decided October 7, 1975.

*James C. Bonner, Jr.,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney,* for appellee.