### 51426. INGRAM v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction and sentence on two counts of burglary.

1. It was not error for the trial judge to admit in evidence incriminating statements made by the defendant.

The record reveals that, on November 17, 1973, at about 10:30 p. m., a guest of the Davis Bros. Cafeteria and Motor Lodge, Highway 54, in Clayton County, reported that "something looked suspicious down on the ground." With the manager at the time was Mr. B. L. Northcutt, a reserve officer of the Lake City Police Department. While Mr. Northcutt checked on the suspicious activity, the manager called the Morrow, Georgia, police. When Mr. Northcutt arrived at the area of the premises in question, he found the defendant and the co-defendant outside Rooms 125 and 127, and two color television sets in the back of a white Chevrolet automobile which evidence showed had been loaned to one of the defendants. Believing the TV sets to have been taken from the two rooms, he apprehended the defendant and the co-defendant. Shortly thereafter, officers Phillip Stewart Howard and J. T. Holton of the Morrow, Georgia, Police Department arrived on the scene. The two subjects were then placed in the rear of officer Howard's police car and advised of their rights. The officers then inspected the

scene, noting, among other things, that Rooms 125 and 127 were adjoining and that the interlocking door between the two rooms was locked closed. The serial numbers of the television sets assigned to the two rooms were checked and found to be identical with those on the sets in the Chevrolet automobile previously referred to. In the meantime, the two defendants were again advised of their rights by Lt. R. C. Acree of the Morrow Police Department, who had arrived on the scene. The appellant-defendant was then transported to the police station, en route to which he made an incriminating statement. At the police station, after signing a "Proof of Waiver of Constitutional Rights," the defendant made another self-incriminating statement.

The defendant's contention that the statements were not admissible, is not meritorious. The fact that the credibility of one of the officers may have been successfully attacked, would not make the incriminating statements inadmissible, but only affects their weight. Moreover, the statements were made to other officers whose credibility was not attacked. The appellant did not contend that he was not given the "Miranda warnings" or dispute his signature on the waiver of rights.

In a Jackson v. Denno (378 U. S. 368 (1964)) type hearing the presiding judge acts as the trier of fact and resolves the issues of truthfulness, credibility, etc. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629). His decision will not be disturbed in the absence of obvious error, which does not exist in this case.

2. The defendant cannot successfully complain of the trial judge's refusal to grant the state's motion for severance where the defendant did not join in such motion or object thereto in the lower court. It has long been the rule that a party cannot raise an issue of this nature for the first time on appeal. See *Anderson v. State,* 129 Ga. App. 1 (2) (198 SE2d 329) and cits.

3. There was no error in overruling the defendant's motion for directed verdict of acquittal for any of the grounds alleged as error.

(a) As previously shown, evidence showed that a television set had been removed from each of two separate rooms. The appellant argues that under the evidence only

one burglary is shown, and makes analogy to articles being taken from several different rooms in the same house. This is a logical and effective argument, but one which we do not accept. The gravamen of the offense is the breaking and entering with intent to commit a felony or theft. The evidence showed that each of the two rooms was broken into. Each of the two rooms had a television set taken therefrom. In the example of a house, there is only one breaking of one identifiable unit. In the case at bar, there were two breakings of two identifiable units, Rooms 125 and 127. For example, assume a newly constructed but unoccupied apartment house with each of the separate units containing certain household appliances. Each apartment has the same owner. Each apartment has a distinct, identifiable number for identification. The breaking and entering and theft of household appliances from one apartment is one completed offense. The subsequent breaking and entering and theft of other apartments within the house, although done in succession, would each constitute a separate offense. As such, it would be permissible to prosecute via a multiple-count indictment, charging in separate counts the burglary of each apartment unit.

Moreover, while the defendant was convicted on both counts of the indictment, the sentences imposed by the court ran concurrently. Thus, the defendant was not harmed.

(b) The defendant was indicted for the burglary of "Davis Bros. Cafeteria & Moror [sic] Lodge, Room 125" (Count 1) and "Davis Bros. Cafeteria & Motor Lodge, Room 127" (Count 2). The defendant introduced evidence showing (1) that the property in question was leased to "Davis Brothers, Incorporated," (2) a statement of search by the Secretary of State indicating that there is no corporation in Georgia by the name of "Davis Bros. Cafeteria & Motor Lodge," and (3) the fact that no trade name registration for "Davis Bros. Cafeteria & Motor Lodge" existed in Clayton County. In support of the defendant's position, his counsel cites *Moore v. State,* 130 Ga. App. 186 (202 SE2d 556), *Livingston v. State,* 122 Ga. App. 152 (2) (176 SE2d 520) and other cases cited in *Moore* and *Livingston.*

However, the present trend of the case law is away from the overly-technical application of the fatal variance rule expressed in these and other cases. In *Thomas v. State,* 125 Ga. 286 (1) (54 SE 182) the Supreme Court held that "[t]hose who enter dwelling-houses and steal therefrom will not be permitted to raise nice and delicate questions as to the title of the article stolen." See also *Kidd v. State,* 101 Ga. 528 (2); *Hall v. State,* 132 Ga. App. 612 (208 SE2d 621). In *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801), the Supreme Court stated, "We have not been able to locate any Georgia cases which set out a general rule to be applied in the determination of whether or not a variance between the allegation and the proof is so material that it is fatal. The United States Supreme Court, however, has evolved a criterion which seems to us to be reasonable. 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' (Citations omitted). Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." See also *Seabolt v. State,* 234 Ga. 356 (216 SE2d 110); *Reece v. State,* 125 Ga. App. 49 (186 SE2d 502); *McHugh v. State,* 136 Ga. App. 57 (220 SE2d 69). In the recent case of *Dobbs v. State,* 235 Ga. 800 (3) the Supreme Court reiterated its approval of the Berger v. United States test in the *DePalma* case, supra, overruled *Smith v. State,* 185 Ga. 365 (195 SE 144), and refused to follow *Marsh v. State,* 120 Ga. App. 46 (169 SE2d 615) and *Marchman v. State,* 129 Ga. App. 22 (198 SE2d 425) (affd., *State v. Marchman,* 234 Ga. 40 (215 SE2d 467)).

Applying the Berger-*DePalma* test, we find that there was no fatal variance between the indictments and the proof.

(c) The evidence previously set forth clearly establishes that the trial judge did not err in denying the defendant's motion for directed verdict of acquittal based on the state's failure to prove his guilt beyond a reasonable doubt.

4. The trial judge did not err in refusing to allow the defendant's counsel to question each prospective juror outside the presence of all other prospective jurors. *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865).

5. The admission in evidence of a booklet containing a listing of the television sets by serial number and the number of the motel room in which each was located, was not error because of contended prejudicial entries in the booklet showing other rooms from which television sets had been stolen, since the jury was instructed to be concerned only with the entries from Rooms 125 and 127, which were the only ones pertaining to this case.

6. A review of the evidence and the charge as a whole, shows that enumerations of error "F" and "G," relating to the charge, are not meritorious.

7. The defendant was indicted under Code Ann. § 27-2511 (as amended, Ga. L. 1974, pp. 352, 355), the "habitual criminal statute," which provides: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted: Provided, however, any person who, after having been three times convicted under the laws of this State of felonies, or under the laws of any other State or of the United States, of crimes which, if committed within this State would be felonies, commits a felony within this State other than a capital felony, must, upon conviction of such fourth offense, or of subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction, and shall not be eligible for parole until the maximum sentence has been served. For the purpose of this section conviction of two or more crimes charged on separate counts of one indictment or information or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction." The evidence substantiated the allegations of the indictment that the defendant had been previously convicted of violation of the Uniform Narcotic Drug Act of Georgia in Fulton County, and burglary in DeKalb

County, both felonies. A conviction of the offenses charged required the maximum sentence under Code Ann. § 27-2511, supra, which the jury imposed on each count, but provided that such sentences should run concurrently. However, the case was tried, conviction obtained and sentence imposed after the effective date of Ga. L. 1974, pp. 352, 354, amending Code Ann. § 27-2502, which provides for judicial sentencing in all but capital felony cases. We are at a loss to understand the reason why the defendant would complain about his sentence. In no event can it be reduced from that which has been imposed on him, for it is determined by statute (Code Ann. § 27-2511), but could be increased so that the sentence imposed on each count could be made to run consecutively if the judge should so impose. Nevertheless, the defendant's enumeration of error "H" is meritorious.

Accordingly, the judgment of conviction is affirmed, the judgment of sentence is reversed, and the case is remanded to the trial court for resentencing by the judge in accordance with the provisions of Code Ann. § 27-2502, as amended by Ga. L. 1974, pp. 352, 354.

*Judgment affirmed in part; reversed in part and remanded. Bell, C. J., Clark, Webb and Marshall, JJ., concur. Pannell, P. J., Quillian and Evans, JJ., concur in the judgment only. Deen, P. J., concurs specially in the judgment only.*

ARGUED OCTOBER 29, 1975 — DECIDED JANUARY 29, 1976.

*J. Dunham McAllister,* for appellant.
*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, concurring specially.
Berger v. United States, 295 U. S. 78 (55 SC 629, 79 LE 1314), cited in the majority opinion, is a 1934 case having little factual relation to those cited as following it. There seven persons were indicted for conspiracy. The proof showed two conspiracies fitting into the general allegations of the indictment, and that the defendant was a party to one but not to the other.

*DePalma v. State,* 225 Ga. 465 (169 SE2d 801), also cited held that where the Code defined robbery as a taking "without the consent of the owner *or* person in possession" an indictment substituting "and" for "or" was not fatal, although possession, not ownership, was proved. This follows the rule that where the crime is stated in the statute in the disjunctive, the indictment must state it in the conjunctive, or it will be subject to attack (*Haley v. State,* 124 Ga. 216, 217 (52 SE 159)), but proof of either alternative is sufficient for conviction. *Jones v. State,* 75 Ga. App. 610 (4) (44 SE2d 174).

In *Dobbs v. State,* 235 Ga. 800 the only discrepancy is that a police officer testified the license number was MRL 26 instead of MRL 826. This is an obvious slip of the tongue or typographical error.

On the other hand, there are still many Court of Appeals cases and Supreme Court cases which adhere to the rule that no words in an indictment descriptive of the identity of that which is legally essential to the charge can be rejected as surplusage; if not surplusage, it must be proved as alleged. This rule is of great antiquity. *Fulford v. State,* 50 Ga. 591, *Watson v. State,* 64 Ga. 61, *Berry v. State,* 92 Ga. 47, 48 (17 SE 1006). It has been consistently followed. *Haupt v. State,* 108 Ga. 53 (2) (34 SE 313) (number on an allegedly forged check); *Gully v. State,* 116 Ga. 527 (42 SE 790) (bigamy with "Gussie" instead of "Bessie" Shingler); *Irwin v. State,* 117 Ga. 722 (45 SE 59) (assault of "Ed." instead of "Edmund Green" Hightower); *Stevens v. State,* 118 Ga. 806 (45 SE 615) (failure on vagrancy charge to prove age and inability of parents to support, as alleged); *Hadden v. State,* 196 Ga. 850 (28 SE2d 71) (murder of Mrs. "Emma" rather than "Carrie" Todd Hadden. The last case involves res judicata, and the holding is that where the variance is sufficient to nullify conviction on the first trial no res judicata results. *State v. Marchman,* 234 Ga. 40 (215 SE2d 467), would have reached a different conclusion had it followed *Hadden;* not having followed, it should have overruled it. However, *Marchman* involved what appears to have been a mere typographical error, such as appears in *DePalma.*

It appears to me that the only common sense application of the well known and oft stated rules on

variance might be summed up as follows: If the variance results from a change of a letter or number which is palpably a slip of the tongue or a typographical error, it is not cause for reversal. But if the variance concerns the name of a person or place material to the indictment, the case should be reversed, and the first trial should not be res judicata as to a trial on a redrawn and perfect indictment.

I am willing to make one other distinction, which is the reason for my special concurrence in this case. Where two names are much alike, as here, and where it is proved that the name alleged in the indictment is not in fact the name of any extant entity (here, that there was no such corporation or trade name, and it was not the name of a person) then, when it becomes evident that the defendant has in fact been put on notice of what he is charged with, the trial may proceed. I therefore concur in the judgment, but not in all that is said in the opinion in this case.