## 52380. ALEXANDER v. THE STATE.

MARSHALL, Judge.

Appellant was tried and convicted of burglary and sentenced to serve 20 years. He appeals and enumerates seven errors, which assert two basic issues: (1) Whether there was a fatal variance in the allegata and the probata; and (2) whether he was harmed by a delay in the hearing of his motion for new trial. *Held:*

1. The indictment charged appellant with burglary in that he did unlawfully and with force of arms "without authority and with intent to commit a theft therein enter that certain store building of I. Perlis & Sons, a partnership composed of Louis D. Perlis, Lamar J. Perlis and Marvin A. Perlis, the owners thereof, said store building being known as The Fair Store and being located on Eighth Street, South in the City of Cordele, Crisp County, Georgia."

The state's evidence at trial showed that the building in which the store was operated was in fact owned by I. R. Perlis as to the south 75 feet and by Mr. Turton as to the north 25 feet. The building was leased to the partnership, I. Perlis and Sons, which owned and operated the business located in the building known as "The Fair Store." Appellant contends that there is a fatal variance because the ownership alleged is not the ownership proved. He cites *Moore v. State,* 130 Ga. App. 186 (202 SE2d 556) ("The proof must show the ownership to be as alleged in the indictment.") and *Livingston v. State,* 122 Ga. App. 152 (2) (176 SE2d 520) ("Failure to prove ownership substantially as alleged in the indictment is a fatal variance.").

The state concedes there is "some variance" but contends that it is not fatal under the test set forth in *De Palma v. State,* 225 Ga. 465 (3) (169 SE2d 801). In that case the Supreme Court of Georgia adopted the test applied by the United States Supreme Court in Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314): " 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present

his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' "

The indictment in this case did not misinform or mislead appellant as to the offense charged in such a manner that it may have impaired his ability to defend or have surprised him at trial. Nor can he be subjected to a subsequent prosecution. The evidence shows appellant was apprehended inside "The Fair Store" building located on Eighth Street South, Cordele, Georgia. That the partnership which owned the business was a lessee rather than the owner of the building does not offend the criterion of the Berger case, supra. See *Boyd v. State,* 4 Ga. App. 273 (61 SE 134). See also *Byers v. State,* 236 Ga. 599 (225 SE2d 26); *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576); *Seabolt v. State,* 234 Ga. 356 (216 SE2d 110); *Bell v. State,* 227 Ga. 800 (1) (183 SE2d 357); *Ingram v. State,* 137 Ga. App. 412 (3b) (224 SE2d 527); *McHugh v. State,* 136 Ga. App. 57 (220 SE2d 69). As stated in *Ingram,* supra, the courts will not apply an overly-technical interpretation of the fatal variance rule. See also *Clark v. State,* 138 Ga. App. 266. *Moore,* supra, and *Livingston,* supra, are limited to their facts.

2. Appellant moved for a new trial on June 5, 1975, but same was not heard until February 27, 1976, and not ruled upon until March 12, 1976. He contends that the delay in hearing his motion "prejudiced" him in that during the intervening months the *Ingram* decision, supra, was handed down, and its use by the trial court in denying his motion was a violation of constitutional provisions dealing with ex post facto laws.

Whether or not this contention is sound, appellant has not shown harm because he has not shown that the trial court's decision would have been different had it been rendered before the *Ingram* decision (January 27, 1976). The *Ingram* case merely applies the test used in *DePalma* (1969) which in turn applies the test of Berger (1935); it is apparent that the *Ingram* decision did not change the law in Georgia.

*Judgment affirmed. Pannell, P. J., and Stolz, J., concur.*

ARGUED JULY 6, 1976 — DECIDED JULY 16, 1976.

*Edwin T. Cotton,* for appellant.
*D. E. Turk, District Attorney,* for appellee.