## 60606. McCARTY v. THE STATE.

Pope, Judge.

Nezra Ted McCarty appeals his conviction of burglary. He enumerates as error the trial court's denial of his motion for directed verdict, the court's refusal to give several requested charges, and the court's overruling his objection to testimony regarding a police incident report. We affirm.

1. The indictment charged appellant with burglary of "the dwelling house of . . . Bob Webster . . . located at Lot 96 Elizabeth Village Mobile Home Park in the city of Carrollton, Georgia." At trial Webster testified that his address at the mobile home park was Lot 78. He added, "I've been moved for about six months now, and I think it's 78, but I'm not absolutely sure." He also testified that he had not lived on any other lot at the mobile home park. Appellant contends that the State failed to prove an essential element of the crime of burglary, i.e., the location of the dwelling house.

The appellate courts of this state for many years required in criminal cases that an unnecessarily minute description of a necessary fact must be proved as charged. See *Bell v. State,* 227 Ga. 800 (1) (183 SE2d 357) (1971); *McHugh v. State,* 136 Ga. App. 57 (220 SE2d 69) (1975). The trend of recent case law, however, has been away from an overly-technical application of the fatal variance rule. *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576) (1976); *Ingram v. State,* 137 Ga. App. 412 (3b) (224 SE2d 527) (1976).

Under the facts in this case, the variance between the lot number alleged in the indictment and the lot number shown by the evidence does not require reversal of appellant's conviction. This court has held that "[a] person's 'residence and dwelling house' within a county sufficiently describes the particular and peculiar attributes of a house to properly inform the accused of the charges against him." *Askea v. State,* 153 Ga. App. 849, 850 (267 SE2d 279) (1980); Code § 26-1501 (a). "The indictment in this case did not misinform or mislead appellant as to the offense charged in such a manner that it may have impaired his ability to defend or have surprised him at trial. Nor can he be subjected to a subsequent prosecution." *Alexander v. State,* 139 Ga. App. 338, 339 (228 SE2d 364) (1976); *DePalma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969). As there was not a fatal variance between the allegata and the probata, the trial court did not err in overruling appellant's motion for directed verdict. *McHugh v. State,* supra. See *Price v. State,* 142 Ga. App. 120 (2) (235 SE2d 387) (1977), revd. on other grounds, 239 Ga. 439 (238 SE2d 24) (1977).

2. Appellant cites as error the trial court's refusal to give several of his requests to charge based on the Pattern Jury Instructions for

criminal cases from the United States Fifth Circuit District Judges Association. However, each of the principles set forth in those requests to charge was substantially covered by the charge given to the jury. Although the language utilized was not the same as that sought by appellant, the trial court did not err in its denial of any requested instruction. *Leutner v. State,* 235 Ga. 77 (5) (218 SE2d 820) (1975); *Hall v. State,* 155 Ga. App. 724 (3) (272 SE2d 578) (1980).

Prior to commencement of the trial, counsel for appellant requested that he be given the opportunity to argue the merits of his requests to charge prior to the court's charge to the jury. He contends that the trial court denied him such an opportunity. The record shows that following closing arguments, the trial was recessed until the following morning at which time the trial court charged the jury. Since the record discloses no objection relating to the trial court's "failure" to hear such argument, this contention has no merit. See *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8) (1976).

3. Lt. Gorman of the Carrollton Police Department participated in the investigation of the subject burglary. He testified that Bob Webster's residence at the mobile home park was located on Lot 96 but that he obtained this information by reading the police incident report prepared by another officer. Since Lt. Gorman had no independent knowledge or recollection of the lot number of the victim's residence, his testimony in that regard should have been excluded. See *Crawford v. State,* 236 Ga. 491 (5) (224 SE2d 365) (1976); *Wallis v. Odom,* 130 Ga. App. 437 (4) (203 SE2d 613) (1973). Nevertheless, in light of our holding in Division 1 of this opinion, any error in admitting this testimony was harmless.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 16, 1981 — REHEARING DENIED
FEBRUARY 4, 1981 — 

*George C. Rosenzweig,* for appellant.
*Marc E. Acree, Michael G. Kam, Gerald S. Stovall, Assistant District Attorneys,* for appellee.