## 61603. DUKE v. THE STATE.

DEEN, Presiding Judge.

The defendant was indicted and convicted of robbery by sudden snatching by entering a small grocery store at closing time, opening the cash register, and running out with the bills. His appeal contains three enumerations of error.

1. The court charged: "You may infer (a) that the acts of a person of sound mind and discretion are the products of his will; and, (b) you may infer that a person of sound mind and discretion intends the natural and probable consequences of his act. Now, whether or not you make any such inference is a matter solely within the discretion of the jury." The instruction was not impermissibly

burden shifting. *Franklin v. State,* 245 Ga. 141 (8) (263 SE2d 666) (1980). It was not subject to the vice of the statement to the jury in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), that "the law presumes that a person intends the ordinary consequences of his acts." As there pointed out, that instruction was defective because the jurors "were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it." The court here carefully sidestepped that pitfall.

2. The robbery occurred at about 6:00 p.m., on December 22. The defendant was arrested the next day, talked with detectives at the police station at about 1:00 p.m., was advised of his "Miranda rights" and said he did not want to make a statement before conferring with an attorney. At about 5:30 p.m., a detective who testified he had been informed Duke requested his presence returned to the jail to talk with the defendant. He stated in effect that the defendant had appeared to be under the influence of drugs when arrested earlier in the day but was normal at the time of his visit; that Duke talked to him about his drug problem and asked for help, and that he asked about having a bond set since the crime charged was not armed robbery. The witness stated he answered honestly that if the offense was not armed robbery he thought the defendant would be allowed to make bond. He denied offering help in making bond in exchange for the ensuing confession. Under the contradictory testimony elicited at the Jackson-Denno hearing the court had a clear factual basis for ruling that the confession was voluntary. *Jones v. State,* 245 Ga. 592, 598 (266 SE2d 201) (1980); *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1979).

3. Where in a hearing conducted outside the presence of the jury the judge determines as trier of fact the issues of voluntariness, truthfulness and comprehension, of a confession, his findings will not be disturbed in the absence of obvious error. *Ingram v. State,* 137 Ga. App. 412 (224 SE2d 527) (1976); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1978). The question is not whether Miranda warnings have been repeated on every occasion when the defendant has been examined but whether he understands his rights and acts in accordance with such understanding. At the first encounter after his arrest, the defendant was given the Miranda warnings and stated that he did not wish to make any statement until he had consulted an attorney. The interview was immediately broken off. Later in the day a police officer returned, testifying that he did so in response to a message that the defendant wanted to talk with him. This conversation culminated in an oral confession. The officer then gave the defendant a printed form at the top of which the warnings were repeated and asked him to reduce the confession to writing, which the

defendant did. Asked at the Jackson-Denno hearing whether he recalled being advised of his rights and whether he understood them, he replied to both questions in the affirmative. The confession was not involuntary because made without adequate explanation of the defendant's legal rights.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 19, 1981 —

*Thomas E. Greer,* for appellant.

*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.